## BRONENBERG ET AL. *v.* THE BOARD OF COMMISSIONERS OF MADISON COUNTY ET AL.

APPEAL.—*Restraining Order and Temporary Injunction.*—Section 576, 2 G. & H. 277, authorizes an appeal from an interlocutory order dissolving an injunction in term. Restraining orders are limited in their operation to such reasonable time as may be necessary to notify the other party. Temporary injunctions are granted in vacation as well as in term, and usually continue in force until the further order of the court.

RAILROAD.—*Donation.*—*Vote by County.*—*Aid to Two Roads.*—A vote taken upon a proposition to appropriate an entire sum to be apportioned between two railroads, to aid in their construction by a county, is illegal, and the collection of the taxes levied in accordance therewith may be enjoined.

APPEAL from the Madison Circuit Court.

WORDEN, J.—This was a complaint by the appellants against the appellees, to enjoin the collection of a certain tax levied in said county, for the purpose of aiding in the construction of two railroads, viz., The Grand Rapids, Wabash, and Cincinnati Railroad, and The Lafayette, Muncie, and Bloomington Railroad. There were twelve paragraphs in the complaint, stating as many different grounds for the injunction.

On the 20th day of June, 1871, in vacation, the judge of the 17th judicial circuit granted the following temporary injunction, or "restraining order," as it is termed in the record, viz.: "It is hereby ordered, that Joseph Pugh, treasurer of Madison county, and State of Indiana, be enjoined and restrained from collecting the tax assessment for the year 1870, for the purpose of aiding The Grand Rapids, Wabash, and Cincinnati Railroad, also for the purpose of aiding The Lafayette, Muncie, and Bloomington Railroad Company, against the property of Frederick Bronenberg, Neal C. McCullough, and all other persons named in the schedule attached to the complaint, as plaintiffs, to which this order is attached, until the first day of the next term of the Madison Circuit Court, and the further order of said court, the said plaintiffs having executed a proper undertaking to secure this order," etc.

The injunction thus granted continued in force until the

adjourned October term of the court for the year 1871, when, amongst other things, a demurrer was sustained to the third paragraph of the complaint, and, on motion of the defendants, the injunction was dissolved, and exception taken. From the order dissolving the injunction the plaintiffs appeal.

We are not favored with any brief on behalf of the appellees, but as counsel for the appellants seem to think the right of appeal in such case might be controverted, we have considered that question. The statute provides for an appeal from an interlocutory order, "granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation." 2 G. & H. 277, sec. 576.

This section, as will be seen, authorizes an appeal from an interlocutory order dissolving an injunction in term, as was the case here, if the order of the 20th of June, 1871, was an injunction, as contradistinguished from a mere restraining order. Restraining orders are limited in their operation to such reasonable time as may be necessary to notify the opposite party. Temporary injunctions are granted in vacation as well as in term, and usually continue in force until the further order of the court. *Wallace* v. *McVey*, 6 Ind. 300. We are of opinion that the order in question was an injunction, and, therefore, that an appeal lies from the order dissolving the same.

We have seen that a demurrer was sustained to the third paragraph of the complaint. An exception was taken to the ruling. We notice this paragraph only because it alleges matters that are decisive of the merits of the controversy. It shows that the petition to the board of commissioners prayed an appropriation of one hundred and forty-seven thousand dollars to aid in the construction of the two railroads, to be apportioned as follows: twelve thousand dollars by way of donation, to aid in the construction of the Lafayette, Muncie, and Bloomington Railroad, and one hundred and thirty-five thousand dollars by way of donation, to aid in the construction of the Grand Rapids, Wabash, and Cincinnati Rail-

road.   The vote was ordered and taken upon the proposition to appropriate the entire sum, to be apportioned as above stated.   The vote thus taken, as an entire proposition, to make an appropriation to aid in the construction of two different roads, cannot be upheld.   The whole proceeding was void, and the taxes assessed to carry out the appropriation cannot be collected.   This point was fully considered by this court in the case of *Garrigus* v. *The Board of Commissioners of Parke County*, 39 Ind. 66, and nothing need be here added to what was said in that case.

A bill of exceptions shows that the injunction was dissolved on grounds not affecting the question here involved. It was not controverted in any manner that the matters set up in the third paragraph of the complaint were true; nor was there any reason for dissolving the injunction, if the facts thus shown rendered the assessment void.   We are of opinion, therefore, that the court below erred in dissolving the injunction, and that the order of dissolution must be reversed.

The order dissolving the injunction is reversed, with costs, and the cause remanded, for further proceedings.

*H. Craven* and *J. A. Harrison*, for appellants.