## DIBBLE *v.* THE STATE, EX REL. BLACK.

PLEADING.—*Bastardy.*—*Complaint.*—The relatrix in a bastardy proceeding filed her complaint before a justice of the peace, duly verified, as follows: E. B. complains of J. D., and says that she is pregnant with child, which, if born alive, will be a bastard, and that said J. D. is the father of said bastard child; and thereupon the justice of the peace docketed the cause in the name of the State of Indiana, on the relation of E. B., *v.* J. D.

*Held*, that the complaint was sufficient. PETTIT, J., dissented.

APPEAL BOND.—In a bastardy proceeding, the State is not bound to file an appeal bond.

APPEAL.—*Bastardy Proceeding.*—The dismissal of a bastardy proceeding before a justice of the peace, on motion of the defendant, and taxing the costs to the relatrix, is a final disposition of the cause before the justice, but the State is not precluded from taking an appeal.

PRACTICE.—*Conduct of Judge and Jury at Trial.*—Where a judge, during a part of the argument to a jury, called another person to preside, and the jury, or a part of them, were permitted to retire from the court room;

*Held*, that in the absence of any objection made at the time, or any showing that it was improper for the jury to so retire, there was no error.

From the Brown Circuit Court.

*W. W. Browning* and *A. W. Prather*, for appellant.

*R. L. Coffey*, *C. Byfield*, and *D. Howe*, for appellee.

BIDDLE, J.—Prosecution for bastardy. The proceedings were commenced on the following complaint:

Dibble *v.* The State, *ex rel.* Black.

"Brown County, ss.

"Elizabeth E. Black complains of John W. Dibble, and says that she is pregnant with child, which, if born alive, will be a bastard, and that the said John W. Dibble is the father of said bastard child.   ELIZABETH E. BLACK.

"Before me, Timothy D. Calvin, a justice of the peace of Washington township, in Brown county, and State of Indiana,. personally appeared Elizabeth E. Black, whose name is signed to the foregoing complaint, and who, after being by me duly sworn, says that the foregoing complaint by her signed is true in substance and in fact.

"In witness whereof, I have hereunto set my hand, this the 26th day of September, 1873.

"TIMOTHY D. CALVIN, Justice."

Upon this complaint, the justice of the peace docketed the case in the name of "*The State of Indiana, on the Relation of Elizabeth E. Black,* v. *John W. Dibble*," and issued a warrant against the appellant accordingly, upon which he was arrested.

On motion of the appellant, the justice dismissed the cause for want of a sufficient complaint, and taxed the costs to the relatrix. The State appealed to the circuit court, wherein the same motion was made and overruled. Proceedings were then had which resulted, on a trial by jury, in finding the appellant guilty as charged, and placing him under an order by the court for the support of the child. A motion for a new trial was overruled, exception taken, and an appeal to this court.

The appellant grounded his motion to dismiss the case in the circuit court on the following causes:

1. For want of a sufficient complaint.

2. That the State is not a party to the suit.

3. That there is no appeal bond on file.

4. That the complaint does not state facts sufficient to constitute a valid cause of action.

5. That the cause is a preliminary proceeding, and a dismissal by the justice is final as to a pending cause.

We think the complaint is sufficient. It complies with the statute.

The State is a party to the suit. The statute requires the prosecution to be in the name of the State, on the relation of the prosecuting witness, but the first section on which the complaint is based does not require it to be in the name of the State. The complaint puts the proceedings in motion, the warrant then issues, and the proceedings continue, in the name of the State. This was the course in the case before us, and we think it is sufficient. 2 G. & H. 624, secs. 1, 2, 3.

This court has repeatedly decided that the State in such cases is not bound to file an appeal bond.

We do not perceive any point in the fifth ground of the motion. Undoubtedly, the dismissal of the cause and the taxing of the costs to the relatrix constitute a final disposition of the case before the justice, but the State is not thereby prevented from taking an appeal.

The appellant complains that the circuit judge, during a part of the time while the argument to the jury was proceeding, called another person to preside upon the bench; that during this time the jurors, or a part of them, were allowed to retire from the court room; all of which, it is alleged, was against the appellant's consent; but it nowhere appears that it was over his objection made at the time; nor does it appear but that the jurors retired on a very proper and necessary occasion. If there was any error in this the appellant has not shown it to us.

The alleged insufficiency of the evidence, as it appears in the record, to sustain the verdict, is urged upon us as error. We find in this case the usual conflict of evidence as to the time when the child was begotten, the period of gestation, the character of the mother, etc., which is found in the trial of all such cases; but it is proved clearly that a child was born, and that it was a bastard; and we think, from a preponderance of the evidence, that the appellant was its father.

The judgment is affirmed.

PETTIT, J., dissents as to the sufficiency of the complaint.