#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1876, IN THE SIXTY-FIRST YEAR OF THE STATE.

◆

### FINNEY ET AL. v. LAMB, TREASURER OF FOUNTAIN COUNTY, ET AL.

RAILROAD.—*Appropriation to.*—*Vote by County.*—*Aid to two Railroads.*—*Injunction.*—*Tax.*—Where an appropriation to aid in the construction of two railroads has been voted by a county in one entire sum, to be apportioned in the amounts specified in the petition asking for such appropriation,

*Held,* that such vote is a nullity, and the collection of a tax levied to pay such appropriation may be enjoined.

From the Fountain Circuit Court.

*A. A. Rice* and *M. Milford,* for appellants.

WORDEN, C. J.—This was an action by the appellants against the appellees, to enjoin the collection of a certain tax, assessed in Fountain county to aid in the construction of two railroads.

Demurrer to the complaint sustained, and exception.

Judgment for defendants.

The ruling on the demurrer is assigned for error.

It appears by the complaint, that a petition was filed before the board of commissioners of the county, asking

for an appropriation of the sum of one hundred and thirty-two thousand eight hundred and six dollars, to aid in the construction of two different railroads, naming them, to be apportioned between them as follows: Thirty-four thousand dollars to one road, and ninety-eight thousand eight hundred and six dollars to the other.

A vote was taken on the entire proposition, and not on the appropriation to each road separately, resulting in favor of the appropriation; and the tax was levied in pursuance thereof.

The vote, being for an appropriation to two roads, was a nullity, and the tax levied in pursuance of it illegal, and its collection should be enjoined.

This was decided in *Garrigus* v. *The Board of Commissioners of Parke County,* 39 Ind. 66; *Bronenberg* v. *The Board of Commissioners of Madison County,* 41 Ind. 502.

If there was any objection to the complaint, other than that involved in the facts above stated, we do not perceive it, and none has been pointed out, there being no brief on file for the appellees.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the complaint.