KINDER *v.* THE STATE, EX REL. VARNER.

BASTARDY.—*Pleading.*—*Practice.*—Where the complaint under oath in a a bastardy proceeding is made in the name of the prosecuting witness alone, and not in the name of the State upon her relation, but the case is docketed "The State of Indiana, on relation of," etc., "against," etc., "Complaint for bastardy," and the proceedings conducted in the name of the State throughout, the provisions of section 1, 2 and 3 of the bastardy act, 2 R. S. 1876, p. 654, are substantially complied with, and the complaint is sufficient on demurrer.

SAME.—*Sufficiency of Evidence to Sustain Verdict.*—Where the prosecuting witness in a bastardy proceeding testifies positively to the time and place of begetting the child, that the defendant begat the child, and that it was begotten in a particular room, and other witnesses corroborate her statements, by testifying that the parties were together in that room, at that time, and alone, the evidence is sufficient to sustain a verdict for the plaintiff, no evidence being offered for the defence.

From the Hancock Circuit Court.

*J. A. New, I. P. Poulson* and *C. E. Barrett,* for appellant.

*D. S. Gooding* and *M. B. Gooding,* for appellee.

BIDDLE, J.—Prosecution for bastardy, against the appellant.

Conviction; order of affiliation; appeal.

The motion for a new trial and the assignments of error present but two questions:

1. The sufficiency of the complaint; and.

2. The sufficiency of the evidence.

The objection made to the complaint is, that the case is not prosecuted in the name of the State of Indiana, on the relation of Sarah J. Varner, but in the name of Sarah J. Varner alone.

The complaint under oath is made in the name of Sarah J. Varner; the case is then docketed " The State of Indiana, on relation of Sarah J. Varner, against Richard H. Kinder, Complaint for bastardy," and the proceedings conducted in the name of the State throughout. We think this a substantial compliance with sections 1, 2 and 3 of the bastardy act. 2 R. S. 1876, p. 654.

The statute does not require the complaint under oath to be made at first in the name of the State. Section 1. Section 2 enacts that, upon arrest, the justice shall proceed to hear and determine the complaint; and section 3 requires that the prosecution shall be in the name of the State of Indiana, on the relation of the prosecuting witness. Even if the complaint was defective when made, the amendment, making the State the plaintiff and the prosecuting witness the relatrix, cured it. The demurrer to the complaint was properly overruled. *Dibble* v. *The State*, 48 Ind. 470.

The evidence is sufficient to sustain the verdict. The prosecuting witness testifies positively to the time and place of begetting the child; that the defendant begat the child, and that it was begotten in a particular room. Other witnesses corroborate her statements, by testifying that the parties were together in that room, at that time, and alone. No evidence was offered on the part of the defence.

The judgment is affirmed, at the costs of the appellant.