## KINDER v. THE STATE, EX REL. DUNBAR.

BASTARDY.—*Complaint.*—*Parties.*—In a prosecution for bastardy, docketed in the name of the State, on the relation of the prosecutrix, against the defendant. the complaint ran in the name of the relatrix, instead of in the name of the State, on her relation.

*Held,* on demurrer, that the complaint was not insufficient on that account.

From the Hancock Circuit Court.

*J. A. New* and *E. C. Barrett,* for appellant.

*W. R. Hough, M. Steele* and *W. W. Cook,* for appellee.

BIDDLE, C. J.—Bastardy. The complaint is in the following words :

"The State of Indiana, on the relation of Phebe J. Dunbar, *v.* Richard H. Kinder.

"Phebe J. Dunbar complains of Richard H. Kinder and says that she is pregnant with a bastard child, and that said Richard H. Kinder is the father of said child.

"Phebe J. Dunbar."

Sworn to by the relatrix.

The only question presented in the case is as to the sufficiency of the complaint, raised by demurrer alleging the want of facts averred ; and the only question urged against the complaint is, that in its body it does not aver that the State, on the relation of Phebe J. Dunbar, complains. This is not necessary in the beginning of the suit. The first section of the bastardy act, which provides for the complaint, does not require it. The third section requires that " The prosecution shall be in the name of the State of Indiana, on the relation of the prosecuting witness." It seems to us that this complaint fulfils the statute in every particular ; besides, the exact point in question has been twice settled by this court. *Dibble* v. *The State, ex rel.,* 48 Ind. 470 ; *Kinder* v. *The State, ex rel.,* 68 Ind. 454.

The judgment is affirmed, at the costs of the appellant.