Filed Dec. 12, 1883.

------

No. 10,655.

## The State, ex rel. Sigler, *v.* The Board of Commissioners of Madison County.

Assignment of Errors.— *Waiver of Compliance with Rules of Supreme Court.*— Informalities in the assignment of errors or any failure to comply with the rules of the Supreme Court concerning the preparation of the transcript by numbering its lines are waived by agreeing to submit the cause.

Mandamus.—*Parties.—Relator.—Demurrer to Answer.*—In mandate, the relator is the real party, and a demurrer by him to an answer, instead of by the State on his relation, though informal, is nevertheless sufficient.

Railroad.— *Public Aid.— Election.—Tax Levy.*—Where there are two voting precincts in a township, an election for public aid to construct a railroad, when the polls are not opened in both precincts, is void under R. S. 1881, section 4048, and in such case no tax for aid can be levied.

From the Madison Circuit Court.

*A. E. Paige, S. O. Bayless, C. D. Thompson* and *T. B. Orr,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

Bicknell, C. C.—The appellees claim that no question is presented by the assignment of errors, because the names of all the parties to the appeal are not stated therein, and because the lines of some of the pages of the transcript are not numbered; but, the cause having been submitted by agreement, without a motion to dismiss the appeal for such defects, they were waived. *Ridenour* v. *Beekman,* 68 Ind. 236 ; *Easter*

v. *Severin,* 78 Ind. 540; *Wilson* v. *Hefflin,* 81 Ind. 35; *Cooper* v. *Cooper,* 86 Ind. 75.

The appellant assigns for error that the court overruled a motion to strike out a part of the appellee's answer, but this is not an available error on appeal. *House* v. *McKinney,* 54 Ind. 240; *City of Greencastle* v. *Martin,* 74 Ind. 449 (39 Am. R. 93); *Morris* v. *Stern,* 80 Ind. 227. Another error assigned is that the court overruled a demurrer to the answer. The appellee claims that this presents no question because the demurrer was not filed by the plaintiff.

The suit was an application for a mandate upon the commissioners of Madison county to levy a railroad tax upon the taxable property of Pipe Creek township in said county. The petitioner for the mandate was Daniel Sigler, a resident taxpayer of said township. He was a proper relator. *Board, etc.,* v. *State, ex rel.,* 61 Ind. 75; *Hamilton* v. *State,* 3 Ind. 452; *Board, etc.,* v. *State, ex rel.,* 86 Ind. 8.

An alternative mandate was issued in the name of the State against the defendants, who appeared and made a return. In such cases the alternative writ is the complaint, and the return is the answer. *Board, etc.,* v. *State, ex rel., supra; Johnson* v. *Smith,* 64 Ind. 275; *Smith* v. *Johnson,* 69 Ind. 55.

The demurrer to the answer was as follows:

"Comes now the relator herein and demurs to the answer and return of defendants herein, for the reason that said answer and return does not state facts sufficient to constitute a defence to the action, or a valid return to this writ and petition. "THOMPSON & ORR, } Att'ys for relator." "PAIGE & BAYLESS. }

The appellees claim that the plaintiff only can demur, R. S. 1881, section 346, and that the relator is not the plaintiff, and is not a party to the action, and that there is no provision in any statute authorizing a demurrer by a plaintiff's relator. They cite *State, ex rel.,* v. *Smith,* 55 Ind. 385, where it was held that, in bastardy cases, the State is the plaintiff, and that, therefore, an application for a change of venue, made by the

relatrix, should be overruled. This ruling was in accordance with the statute, R. S. 1881, section 980, which expressly requires that the State shall be the plaintiff. See *Dibble* v. *State, ex rel.,* 48 Ind. 470; *Ex Parte Haase,* 50 Ind. 149. But ordinarily, in the absence of a statutory provision to the contrary, when a relator is necessary, he is regarded as the real party, and the State is but a nominal party. *Neal* v. *State, ex rel.,* 49 Ind. 51. And ordinarily the relator is liable for costs. R. S. 1881, section 593.

It was always held that no precise form is necessary in a mandamus. *Rex* v. *Mayor,* Sayer, 36. And this court has held that, although writs of mandate are issued in the name of the State on relation, yet the name of the State is only nominally used. *Brower* v. *O'Brien,* 2 Ind. 423.

Therefore, although the demurrer was informal, the defect was not fatal, and the question as to the sufficiency of the answer may be considered.

The petition for township aid in this case was filed with the county board on February 25th, 1881. It sought an appropriation by Pipe Creek township of $19,300 to aid in the construction of a railroad through said township, to be run and located within eighty rods of the cross streets or roads in the town of Elwood (the postoffice being in the northeast corner from said cross roads extended), and it asked the board to order an election for and against such appropriation, and the levying of a tax therefor; it stated that the sum demanded was less than two per cent. of the taxables of said township, including the taxables of the towns of Elwood and Frankton, as returned upon the duplicate of the preceding year.

It was stated in the complaint that the county board granted the petition and ordered that the polls be opened in said township, at the regular places of holding elections, for the purpose of taking the votes of said township for and against such appropriation, and that such election was held, and that a majority of the votes was in favor of the appro-

priation, and that the judge and inspector met and were organized as a board of canvassers, with the county auditor as their clerk, and that said board canvassed and estimated the certificates, poll-books and tally-sheets, and signed a statement and certificate thereof, showing a majority of votes in favor of the appropriation, and filed the same with the county auditor; that he recorded it among the records of the county board, who, at each of their two next ensuing regular June sessions, refused to order a levy of the tax.

Section 4048, R. S. 1881, is as follows: "The polls shall be opened at the several voting places in the township, by the proper judges and inspectors of elections, on the day fixed by said commissioners; and the boards shall be organized, and poll-books and tally-sheets shall be kept, and the whole voting and taking and certifying shall be conducted as nearly as may be in the manner provided by law for conducting the voting and certifying the votes at the general elections for State and county officers."

Section 4052, R. S. 1881, provides that "If there be more than one election precinct in the township, * the inspector of each precinct, or the judge of the election to whom such certificate, poll-book, and tally-sheet shall have been delivered, shall constitute a board of canvassers, who shall canvass and estimate," etc., and that "If, however, such township shall have but one election precinct, then the inspector and judges thereof, or any two of them, shall constitute the board of canvassers, and shall * perform the duties aforesaid."

Section 4056, R. S. 1881, provides that if a majority of the votes shall be in favor of the appropriation, the county board, at its ensuing regular June session, shall levy the tax, etc.

The answer shows that there were two election precincts in Pipe Creek township, one at Elwood and the other at Frankton, and that after the notices of election were posted, and before the election, the railroad company served upon the county board the following written notice:

The State, *ex rel.* Sigler, *v.* The Board of Commissioners of Madison County.

"OFFICE OF THE MARION AND INDIANAPOLIS R. R. Co., }
                                "April 11th, 1881.    }

" *To the Board of Commissioners of Madison County, Indiana:*

"The undersigned, president and secretary of the Marion and Indianapolis Railroad Company, have, this day, been ordered and directed to withdraw and abandon the election to be held in Pipe Creek Township, Madison county, Indiana, on the 13th day of this month (April, 1881), the board of directors being satisfied that the line adopted by the way of Elwood would not be used, and thereupon said railroad company hereby gives notice of the fact above stated.

" Witness the Marion and Indianapolis Railroad Company.
          " By JAMES F. MCDOWELL, President.

" Attest: JAMES BROWNLEE.

" I, James Brownlee, secretary of the Marion and Indianapolis Railroad Company, hereby certify that the above and foregoing order was made by the board of directors April 11th, 1881.          JAMES BROWNLEE, Secretary."

It will be remembered that the petition was for aid to a road to be run and located by Elwood, and that such a petition for conditional aid is authorized by section 4045, R. S. 1881.

The answer further shows that the county board, upon receiving said notice, directed the county auditor to notify the trustee of Pipe Creek township that the proposed election would not be held; that the auditor did so notify the trustee, and that, accordingly, no polls were opened at Frankton, one of the precincts, and that the legal and qualified voters of Frankton precinct did not, and could not, vote for or against said appropriation, and that, there being no inspector or judge for said Frankton precinct, there was no such board of canvassers as the law required.

The question, what rule of construction shall be applied to the statutes authorizing public aid to railroad companies, was settled by this court in *Garrigus* v. *Board, etc.*, 39 Ind. 66. In that case this court expressly adopted and approved

the following language of the New York Court of Appeals, in *People, ex rel.,* v. *Smith,* 45 N. Y. 772, to wit: "The power sought to be delegated to a portion of the taxable inhabitants of a municipality to burden and charge the property of all, and subject it to taxation for a purpose foreign to those for which local governments are organized, * * can only be exercised in strict conformity to and by a rigid compliance with the letter and spirit of the act conferring the authority. * * The act * * should be strictly construed in favor of the rights of property." The case of *Garrigus* v. *Board, etc., supra,* was adhered to in *Bronenberg* v. *Board, etc.,* 41 Ind. 502, and in *Finney* v. *Lamb,* 54 Ind. 1.

The material facts alleged in the foregoing answer are admitted by the demurrer. Such facts show clearly that the statutory provisions hereinbefore cited were not complied with; that the sense of the voters of the township was not ascertained at all; that there was no such vote of the township as the statute required, and no such election as the commissioners had ordered. We think the court did not err in overruling the demurrer to the answer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

Filed Dec. 15, 1883.