Miles, Treasurer, *v.* Ray.

No. 11,988.

## MILES, TREASURER, *v.* RAY.

RAILROAD.—*Public Aid.*—*Levy of Tax Exceeding Two per Cent. in Two Years.* —*Shrinkage in Value of Taxables.*—*Injunction.*—*Tender.*—A township voted an appropriation of $30,000 in aid of a railroad, that sum being less than two per cent. of the taxables for the preceding year, 1879. In 1880, the county board levied a tax of one per cent. on such taxables, but, owing to shrinkage in the value thereof, this levy produced less than one-half of the appropriation. In 1881, the board levied the entire remainder of the appropriation, which required $1\frac{42}{100}$ per cent.

*Held*, that under sections 4056 and 4057, R. S. 1881, the board had no power to order a levy exceeding two per cent. in any one period of two years, and that the collection of the excess could be enjoined by paying or tendering the part of the tax legally due.

*Held*, also, that if a levy of two per cent. in two years would not have produced the required amount, by reason of the shrinkage, an additional levy for the deficiency might have been ordered in the succeeding year.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman*, for appellant.

*G. D. Hurley* and *B. Crane*, for appellee.

BICKNELL, C. C.—The appellee, a resident freeholder and taxpayer of Troy township, in Fountain county, Indiana, brought this suit against the treasurer of said county to prevent by injunction the collection of a tax alleged to be illegal.

The township had voted an appropriation of $30,000 in aid of a railroad to be constructed through the township. This amount was less than two per cent. of the amount of the taxables of the township for the year preceding, which was 1879. In June, 1880, the county board ordered that the amount voted be donated to the railroad company, and also ordered a levy of one per cent. on the taxables of the township for the current year, 1880; this levy was duly collected; it produced $12,286.45, the taxables of 1880 being $1,228,645. Owing to a shrinkage in the taxables, the levy of one per cent. did not produce one-half of the appropriation voted, but left $17,713.55 to be subsequently raised.

The taxables of said township for 1881 amounted to $1,249,477, and the county board, at its June term, 1881, instead of levying another one per cent. thereof, which would have produced $12,494.77, ordered a levy of the entire remainder of the $30,000 voted, viz., $17,713.55, which sum was regularly assessed upon the taxables of said township for 1881, and was placed upon the duplicate.

The plaintiff was assessed for 1881, upon $8,315, which was all the taxable property he had. It required a levy of $1\frac{42}{100}$ per cent. to raise said sum of $17,713.55, and such a

levy was made. The amount of it upon the plaintiff's taxable property was $118.57. The plaintiff, being ignorant of said illegality, paid the first half of said taxes, viz., $59.08, and afterwards, before suit brought, tendered to said treasurer $30.16 in payment of the remainder of the amount of $1 on each $100 worth of his taxables, which the treasurer refused to receive, and which was paid into court for his use. The plaintiff refused to pay the $\frac{42}{100}$ of one per cent., amounting to $34.92, and this amount is on the duplicate in the hands of said treasurer who is threatening to collect it.

Said railroad has never been constructed through said township; no work has been done on the last two miles of the proposed line in said township; no iron has been laid there and no train of cars has passed through the township. But, under the orders aforesaid of the county board, there has been already collected in said township the sum of $30,125.75, and said county board has paid said railroad company $31,085.51.

The complaint avers the facts as aforesaid, and prays that said illegal tax, to wit, the excess above one per cent. of the taxables be declared null and void, and that said treasurer be perpetually enjoined from collecting the same.

The treasurer filed a demurrer to the complaint for want of facts sufficient; the demurrer was overruled; the defendant refused to answer; judgment was rendered for the plaintiff on the demurrer, and the defendant was enjoined pursuant to the prayer of the complaint. He appealed. He assigns as errors:

1. Overruling the demurrer to the complaint.

2. That the complaint does not state facts sufficient.

The following are the statutes by which this case is governed: R. S. 1881, section 4056. " If a majority of the votes cast shall be in favor of such railroad appropriation, the board of county commissioners, at its ensuing regular June session, shall grant the prayer of said petition, and shall levy a special tax of at least one-half of the amount specified in said petition, but not exceeding one per centum upon the real and personal property in the county or township, as the case

Miles, Treasurer, *v.* Ray.

may be, liable to taxation for State and county purposes. * * * And if the sum so levied shall not be equal to the amount specified in said petition, then the residue thereof shall be levied by said board of county commissioners at the June session of the following year."

Section 4057. "No township shall be authorized by the provisions of this act to appropriate to railroad purposes, or to raise by taxation for such purpose, to exceed two per centum upon the taxables of such township, as said taxables shall appear upon the tax-duplicate of the county, in any one period of two years."

The power to subject property to taxation in aid of railroad companies can be exercised only in strict conformity to, and by a rigid compliance with the letter and spirit of, the act conferring the authority. The act should be strictly construed in favor of the rights of property. *People* v. *Smith*, 45 N. Y. 772; *Garrigus* v. *Board, etc.*, 39 Ind. 66; *Bronenberg* v. *Board, etc.*, 41 Ind. 502; *Finney* v. *Lamb*, 54 Ind. 1; *State, ex rel.*, v. *Board, etc.*, 92 Ind. 133.

The demurrer admitting the facts stated in the complaint, it appears that the county board, by ordering a levy of more than two per centum upon the taxables as they appeared upon the tax-duplicate in one period of two years, failed to obey sections 4056 and 4057, *supra.*

The tax levied in 1880, being limited to one per cent. of the taxables of the preceding year, was right, but when, by reason of the shrinkage of the taxables in 1880, one per cent. thereof did not produce one-half of the money appropriated, the board in 1881 had no right to order a levy of the entire remainder of the appropriation, because that would require a tax of $1\frac{42}{100}$ per centum of the taxables, which, added to the 1 per centum of the previous year, would make $2\frac{42}{100}$ per centum in one period of two years, and this is exactly what the law forbids. *Columbus, etc., R. W. Co.* v. *Board, etc.*, 65 Ind. 427; *Brocaw* v. *Board, etc.*, 73 Ind. 543; *Gavin* v. *Board, etc.*, 81 Ind. 480.

The county board in 1881 ought to have ordered a tax of one per cent., and if that proved to be insufficient, owing to a shrinkage of the taxables, the county board in the succeeding year might have ordered an additional levy for the deficiency.   This was, in effect, decided in *Board, etc.,* v. *State, ex rel.,* 86 Ind. 8.   This court there said: "Not more than two per centum of the taxable property of a township, as estimated by the tax-duplicate of the preceding year, can be appropriated at any one time to aid in the construction of a railroad; nor can more than two per cent. of such taxable property be levied upon the property of the township within a period of two years."   But when an appropriation not exceeding two per cent. has been lawfully made, it becomes a binding obligation upon the township, from which it is not discharged by a subsequent destruction or shrinkage in value of some of its taxable property.   This construction secures to the company ultimately the full amount of its appropriation, and at the same time protects the taxpayers from a levy of more than two per cent. in any period of two years.

The claim of the appellant that where the first levy of one per cent. fails to produce one-half the amount appropriated, the county board, in the following year, may, instead of levying another one per cent., levy enough to produce the entire deficiency without regard to percentage of taxables, and notwithstanding that such levy and the preceding levy of one per cent. will together make more than two per cent., can not be sustained.

The treasurer was undertaking to collect a tax which was in part legal and in part illegal.   The complaint shows that the assessment was placed upon the duplicate, that the duplicate was in the treasurer's hands, and that he was threatening to collect the entire tax.   An injunction is the proper remedy in such a case.   *Pugh* v. *Irish,* 43 Ind. 415.

Where a part of the tax is valid, and another part void, the valid part must be paid or tendered before equitable relief can be granted.   *City of Delphi* v. *Bowen,* 61 Ind. 29,

and cases there cited. The complaint here shows that the plaintiff has paid or tendered all the valid part of the tax, and has brought the amount tendered into court for the use of the defendant. He is therefore entitled to an injunction as to the residue.

There was no error in overruling the demurrer to the complaint. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 28, 1885.