## Sahm, Auditor, et al. *v.* The State of Indiana, ex rel. Cleveland, Cincinnati, Chicago & St. Louis Railway Company.

[No. 21,258.   Filed April 27, 1909.]

1. **Taxation.**— *Illegal.*— *Refunding.*— *Apportionment.*— *Statutes.*—The act of 1907 (Acts 1907, p. 227, §6091 Burns 1908), providing for the apportionment and refunding of taxes illegally assessed and collected, applies to taxes illegally collected from railroad companies. p. 245.

2. **Taxation.**— *Illegal.*— *Apportionment.*— *Cities.*— *Townships.*— *Statutes.*—The act of 1907 (Acts 1907, p. 227, §6091 Burns 1908), providing for the apportionment and refunding of taxes illegally collected, applies not only to townships, but also to cities and towns. p. 245.

3. **Statutes.**—*Letter.*—*Spirit.*—A matter within the spirit though not within the letter of a civil statute is held to be within such statute. p. 245.

4. **Statutes.**—*Implications.*—*Rights.*—*Powers.*—Where a right or power is conferred by a statute, everything necessary to carry out such power or right is implied. p. 245.

5. **Mandamus.**—*Parties.*—*State.*—Mandamus is a civil action; and the relator, and not The State of Indiana, is the real party plaintiff. p. 245.

6. **Judgment.**—*Exceptions.*—*Motions to Modify.*—When a judgment gives greater relief than the party is entitled to, the remedy is a motion to modify, an exception to the judgment presenting no question. pp. 246, 248.

7. **Taxation.**—*Omitted Property.*—*Set-Off.*—*Taxes Illegally Collected.*—A railroad company against which the taxing officers have assessed, as omitted property, a shortage in the assessment of a line of railroad track, has the right to a set-off for taxes assessed and collected on an excess of the assessment of another line of its railroad track. p. 246.

8. **Pleading.**— *Complaint.*— *Mandamus.*—*Injunction.*—*Taxation.*— A complaint to compel, by mandate, an auditor to apportion and refund taxes illegally assessed and collected, and to enjoin the treasurer from collecting taxes assessed on relator's omitted property, is good, even though the facts stated were not sufficient to entitle the plaintiff to an injunction. p. 247.

From Superior Court of Marion County (75,014) ; *Vinson Carter,* Judge.

Action by The State of Indiana, on the relation of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, against Cyrus J. Clark, as Auditor of Marion County, and another (Albert Sahm, successor to said Clark, afterward substituted). From a judgment for plaintiff, defendants appeal. *Affirmed.*

*C. S. Denny, George L. Denny, Horace L. Gould* and *John C. Ruckelshaus,* for appellants.

*Leonard J. Hackney, Frank L. Littleton* and *John J. Kelly,* for appellee.

JORDAN, C. J.—Appellee's relator commenced this action mainly for the purpose of obtaining a mandamus against Cyrus J. Clark, as auditor of Marion county, Indiana, and as an ancillary matter to this action demanded relief by injunction against the treasurer of said county, a coäppellant herein, in order, as asserted, to preserve the subject-matter of the controversy between the parties. The complaint is quite long, and refers to and sets out several documents, amounts and many matters in detail. The following appears to be the substance of some of the facts alleged: The relator continuously since 1889 has been a steam railroad corporation under the laws of the State of Indiana. The defendants were respectively the duly elected, qualified and acting auditor and treasurer of Marion county, Indiana. From 1897 to 1906, inclusive, the relator was a taxpayer in the city of Indianapolis, and in Center and Wayne townships of Marion county, Indiana, and during said time had six divisions running into the city of Indianapolis. The relator during said years also owned real estate in the city of Indianapolis which was not a part of its right of way. In the latter part of the year 1906 the treasurer of Marion county, after notice of his intention so to do, made a special assessment against the relator in said city of $2,795.52 on alleged omitted property, consisting of four-fifths of a mile of track on relator's Chicago division. Early in 1907 this assessment was

increased by a penalty of ten per cent, aggregating $3,075.08. Said amount was then reported to and entered upon the books of the auditor. Before said special assessment was made by the treasurer the relator accurately measured all its railroad tracks within the city of Indianapolis, and discovered that the Chicago division had been taxed in the city of Indianapolis four-fifths of a mile "short" of the actual mileage therein. Other divisions of its road in the city of Indianapolis had been taxed "long" by various amounts, and if the tax duplicates were corrected so as to make them speak the truth it would appear that the relator had paid $339.46 more than it was liable for and should have paid. The relator asked and insisted that said treasurer, if he assumed to correct the tax duplicates, correct them so as to make them speak the truth. The treasurer ignored this request, and also the fact that the relator had actually paid all taxes for which it was liable, and more than it should have paid, but added to the tax duplicates as taxes against the relator the special assessment before referred to. The relator thereupon made a written demand upon the auditor of Marion county, that he, as such official, correct the tax duplicates then in his possession, by properly charging the relator with the alleged omitted property and giving it credit for the taxes paid on the tracks of divisions given in "long," so as to make said tax duplicates speak the truth. By so doing the special assessment of $3,075.08 would have been eliminated, and there would have been left to the relator's credit a balance of $339.46, being the amount which it had paid in excess of that which it should have paid. It is shown that the auditor refused to comply with the relator's demand.

It is expressly alleged that the defendant Clark, as auditor, refuses to apportion said taxes so paid between the city of Indianapolis and Center and Wayne townships, although often requested to do so; that before commencing this action the relator demanded of said Clark, as such auditor, that he

correctly apportion said taxes and draw a warrant on the defendant Ensley, treasurer of said county, for the sum of $339.46, the amount which would be due the relator when said taxes were correctly apportioned as aforesaid; that Ensley, as such treasurer, has in his hands sufficient money belonging to the different funds to refund to the relator said sum of $339.46; that if said taxes are correctly apportioned it will be found that the relator has overpaid the taxes which are legally assessable against it in the sum of $339.46, and that this latter sum is justly due and owing to it by said respective taxing districts; that Ensley, as such treasurer, is threatening to, and has taken steps to, enforce the collection of said special assessment of taxes, and is threatening to and will levy upon the relator's property to enforce the payment thereof before this action, to require said auditor correctly to apportion said taxes, can be heard and determined, and will, by such levy on said property, cause the relator irreparable loss and damage, for which it has no adequate remedy at law; that if said Clark, as such auditor, correctly apportions said taxes and makes the proper charges against the relator, there will be no taxes assessed against it and no assessment to collect or enforce; that, in order properly to protect the relator's property rights and interests while this action to compel the apportionment as aforesaid is pending, it is necessary that the status of said special assessment and the matters connected therewith should remain undisturbed, and that said Ensley, as such treasurer, should be restrained and enjoined, during the pendency of this action to have said taxes correctly apportioned, from taking any steps whatever, either directly or indirectly, to levy on the relator's property or in any manner to enforce the collection of said special assessment of §3,075.08. The prayer of the complaint is as follows: "Wherefore the plaintiff, the relator, prays the court that an alternative writ of mandate may issue ordering and commanding said defendant Clark, as such auditor, to apportion said taxes assessed against the relator,

hereinbefore described, to the city of Indianapolis and to said Center and Wayne townships of Marion county, Indiana, and charge the taxes so illegally collected against said funds to which they are credited, and to issue to the relator a warrant for the sum of $339.46 as a refund of said taxes so illegally assessed and paid; and that after the apportionment of said taxes said defendant Clark, as such auditor, certify said apportionment to said Ensley, as such treasurer, and that said Ensley, as such treasurer, be ordered and directed to pay said warrant of $339.46, and for all other proper relief in the premises. The relator further prays that said Ensley, as such treasurer, be, upon the execution of a bond by the relator to the approval of the court, restrained and enjoined from taking any steps, either directly or indirectly, to enforce collection or payment of said special assessment of $3,075.08 during the pendency of, and until the final determination of, this action, and that said Clark, as such auditor, be required to apportion said taxes between said respective districts." It does not appear that any alternative or peremptory writ of mandate was issued.

Defendant Clark, as auditor, separately demurred to the complaint for want of facts. His demurrer was overruled, to which he excepted. Defendant Ensley, as treasurer, also separately demurred to the complaint: (1) For want of facts; (2) that several causes of action had been improperly joined in the complaint; (3) that the plaintiff had not the legal capacity to sue; (4) that there is a defect of parties plaintiff, to wit, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company is a necessary party plaintiff as against this defendant. This demurrer was overruled, to which the defendant treasurer excepted, and thereupon each of said defendants elected to abide by his separate demurrer to plaintiff's complaint and declined to plead further. The court then found for the plaintiff, against each of said defendants, that the material allegations of the complaint were true, and that plaintiff was entitled to have judgment against

said defendants in their respective official capacities, as prayed for in the complaint. The court thereupon rendered its judgment commanding Sahm, the successor of Clark, as auditor of Marion county, Indiana, to apportion the taxes assessed against the relator to the city of Indianapolis and to Center and Wayne townships, Marion county, Indiana, and to charge the taxes illegally collected from the relator against the various funds to which they were credited, and to issue to it a warrant for the sum of $339.46 as a refund of said taxes so illegally assessed and paid; that, after the apportionment of said taxes, said auditor certify said apportionment to the treasurer of said county, and that the latter pay said warrant of $339.46 to the relator. It was further decreed by the court that the treasurer be restrained and enjoined from taking any steps, either directly or indirectly, to enforce the collection or payment of said special assessment of $3,075.08 referred to and set out in the complaint, to all of which it is recited the defendants separately excepted, and prayed an appeal to the Supreme Court.

Appellee admits that it has based this action on the following act passed in 1907, and entitled ''An act providing for the apportionment and refunding of taxes illegally assessed and paid,'' etc. (Acts 1907, p. 227, §6091 Burns 1908), which act is as follows: ''That in all cases where lots or parcels of ground or property lying partly in one township and partly in another, or partly in a township and partly in a city or town, have been or hereafter may be, through a mistake or inadvertence assessed in one of said townships for the whole amount of taxes which should have been assessed in both of said townships or in such township and said city or town, or assessed in said city or town for the whole amount of taxes which should have been assessed in both said township or town, or in said city or town, and the taxes so illegally assessed have been paid by the owner or owners of said real estate or property through a mistake of fact, it shall be the duty of the county auditor to apportion

the taxes so illegally collected between the townships or between the township and the city or town in which the real estate or property is situated, and in cases where by mistake or inadvertence the owners of the real estate or property in one township have paid the taxes due in such township to another township which had no claim on such taxes, and such owner or owners have thereafter been compelled to pay such taxes to the township in which such taxes were due, the said money so illegally paid shall be refunded to such owner or owners by the proper treasurer, who shall charge such taxes against the funds to which they were credited when paid.'' In brief it may be said that it appears from the facts alleged that the relator's railroad runs through Marion county, Indiana, through Center and Wayne townships, into and through the city of Indianapolis, all of which are taxing districts in said county. For the period of time mentioned in the complaint four-fifths of a mile of the track of relator's railroad on one of its divisions should have been assessed for municipal purposes in the city of Indianapolis, for the reason that it was situated within that city; or, in other words, the relator's trackage as given in was ''short'' in said city that fraction of a mile. On the contrary, however, other parts of its tracks in said city were ''long,'' or in excess of that which should have been actually taxed therein, and, instead of being subject to taxation in the city, was liable to taxation and assessment as properly in that part of Center township, which was not embraced within the corporate limits of the city of Indianapolis. The complaint sets out an itemized statement of the amounts of taxes overpaid by the relator on the several divisions of its road for the time in question. The facts show that, by inadvertence and mistake, relator has paid to the city of Indianapolis, as taxes, $339.46 more than it should have paid upon its trackage and rolling stock liable to be taxed by the city for municipal purposes; that it has fully paid all of the taxes to said city for which it is

actually liable, except the special assessment of $3,075.08; that before the commencement of this action the relator requested and demanded of defendant Clark that he, as the county auditor, correct the tax duplicates in his possession so as to make them express the truth by properly charging the relator with the four-fifths of a mile of track claimed by the county treasurer, who is *ex officio* treasurer of the city of Indianapolis, to have been omitted from the relator's taxable property in said city, and credit it with the amounts of taxes which it had paid to the city on its tracks which, as shown, were "long," or, in other words, in excess of the actual amount of mileage for which it was liable to be taxed by the city. With this request the auditor wholly refused to comply. Had he complied therewith, it is disclosed that such correction would have shown that the aforesaid special assessment of $3,075.08 would have been eliminated, and, instead of any taxes being due from and payable by the relator to the city, there would have been a balance due to it from the city, by reason of the overpayment, of $339.46.

The reasons advanced by appellants' counsel for a reversal are: (1) That the act of 1907, *supra*, does not apply to taxes assessed against railroad property; (2) that the act makes no provision for refunding taxes under the facts in this action, as it cannot be construed to apply to city taxes, for it mentions only township taxes in respect to refunding; (3) that the relator is a necessary party to this action, and not the State of Indiana, which, as claimed, is the sole plaintiff, and therefore is not entitled, under the facts, to any relief by injunction; (4) that the complaint seeks to obtain not only a mandamus against the auditor, but also seeks an injunction against the treasurer and an order against said officials for a refunding of the taxes overpaid. It is asserted that all of this relief was awarded to the relator by the judgment, or, in other words, the relator was awarded more relief than it was entitled to under the facts alleged in the complaint. Some other questions are raised by the appel-

lants, to which we will give consideration in the course of the opinion.

The first contention, that the statute in question does not apply to property of railroad companies, is without support.

1.  The statute certainly is not open to the objection that it is special. It is general and employs broad terms, for it declares "that in all cases where lots or parcels of ground or property," etc. This applies to the property of all taxpayers, whether natural or artificial. There can be no sufficient reason given for denying its application to the property of a railroad company.

2.  The second reason is also untenable. The act expressly mentions and refers to and includes not only a township, but also a city or town. It was these several subdivisions or taxing districts of a county which were intended to be, and are, embraced within the statute. Considering the express terms of this act, it is made evident that the legislature, in its enactment, intended it to apply to and deal with cities and towns as well as townships.

3.  This intention of the legislature is well within both the letter and the spirit of the law. A matter within the intention of a statute is virtually the same as though it were within its express letter. *Conn* v. *Board, etc.* (1898), 151 Ind. 517, 525; 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §585.

4.  Again, where a power or right is conferred by a statute, everything necessary to carry out the purpose of such power or right and make the same effectual and complete will be implied. *Conn* v. *Board, etc., supra,* and authorities cited.

5.  In answer to appellants' third contention, it may be said that the relator in this case, and not The State of Indiana, is the real party plaintiff, and the judgment rendered is for its benefit. Mandamus is a civil action, and the State is only nominally a party thereto, and in no sense can it be considered as the real party in interest.

*Brower* v. *O'Brien* (1850), 2 Ind. *423, *431; *State, ex rel.,*
v. *Board, etc.* (1883), 92 Ind. 133, 135; *Greenfield Gas Co.*
v. *Trees* (1905), 165 Ind. 209; High, Extra. Legal. Rem.
(3d ed.), §430; Merrill, Mandamus, §264.

If, as claimed by appellants under their fourth reason, the
lower court, by its judgment, awarded the relator greater
relief than, under the facts, it was entitled to,
6. they should have moved that the court modify
the judgment instead of merely reserving an excep-
tion thereto. *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, and
cases cited; Elliott, App. Proc., §345. A mere exception to
a judgment as rendered presents no question on appeal in
respect to its modification or amendment. Elliott, App.
Proc., §796.

To recapitulate: The facts disclose that the relator, not
for the purpose of escaping taxation, but through mistake or
error, reported the mileage of one of its divisions with-
7. in the city four-fifths of a mile short of what it actu-
ally was, while upon three of the other divisions of its
road it reported the mileage in excess of that for which it
was liable for taxation by the city of Indianapolis, whereby
it, as the facts show, had paid to the city $339.46 in excess
of the amount of taxes it should actually have paid. As
previously stated, the relator in its complaint alleges that it
had fully paid all of the taxes to said city for which it was
actually liable, except the special assessment of $3,075.08.
This fact appellants, by their demurrers, admitted to be true.
The special assessment in question arose out of taxes assessed
upon the mileage of relator's road, which was short in the
city to the extent of the fraction mentioned. As the city, by
the apportionment of the taxes which the relator sought to
have made and which the court accordingly ordered under its
judgment, has received all of the taxes, and more than the
amount due from the relator, what substantial ground has it
for complaining in respect to the method by which the re-
sult was reached? The relator's request of appellants for a

correction of the duplicates and that it be given the necessary credits for taxes paid by it to the city, was, as shown, ignored or denied. The case as presented by the facts, at least by analogy, comes within the principle affirmed or sustained in *Woll* v. *Thomas* (1891), 1 Ind. App. 232; *McCrory* v. *O'Keefe* (1904), 162 Ind. 534; *Louisville, etc., R. Co.* v. *Commonwealth* (1895), (Ky.), 30 S. W. 624.

In the latter case, the court held that a railroad company, in an action against it to recover taxes, might plead as a set-off an excess of taxes which it, by mistake, had previously paid. The court in that appeal said: "It seems to us that the company is entitled to plead as a set-off, and have credit for, any excess of taxes it has heretofore paid by mistake, for the court, having recognized jurisdiction and power to adjudge in favor of the plaintiff the amount of taxes actually due, notwithstanding there has not been a formal and complete assessment, should exercise it to the extent of doing complete justice to each party." Appellants' counsel argue that the statute here involved must be strictly construed, and, applying this rule, they assert that it cannot be said that "the legislature intended to try to take money out of the city treasury that already belongs to it." The statute in question is in its nature remedial in respect to all persons embraced within its provisions, and therefore should be accorded a liberal construction in order fully to accomplish the object or purpose which the legislature had in view by its passage.

The purpose of this action is not, as appellants apparently claim, to deprive the city of Indianapolis of money to which it is entitled, and the facts in the case warrant no such conclusion. Much complaint is made because the relator sought, under the facts as averred in the complaint, not only the relief awarded by the statute upon which the action is based, but, in addition thereto, an injunction against the treasurer for the purpose, as the relator insists, "to have the hand of the treasurer stayed

against collecting the special assessment until the court could determine whether it should be collected.'' The relator's counsel assert that ''it is elementary that a court of equity will lend its aid to prevent the destruction of the subject-matter of an action at law until such action can be determined.'' But if it can be said that, under the facts alleged, the relator was not entitled to any relief by injunction against the treasurer, nevertheless, aside from this feature, the complaint stated a right of action in favor of the relator to compel appellants, in their official capacities, to perform the acts which the statute here involved specially enjoins. Therefore the demurrers, for want of facts, were properly overruled. *Bonnell* v. *Allen* (1876), 53 Ind. 130.

If the judgment was too broad in awarding relief by injunction against appellant treasurer, then the latter appellant should have moved for a modification thereof.

6. In support of the relator's argument that equity will lend it aid to prevent the destruction of the subject-matter of an action at law, see *Bonnell* v. *Allen, supra;* *Bishop* v. *Moorman* (1884), 98 Ind. 1, 49 Am. Rep. 731, and authorities cited; *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80; *Erhardt* v. *Boaro* (1885), 113 U. S. 527, 5 Sup. Ct. 560, 28 L. Ed. 1113; *Buskirk* v. *King* (1896), 72 Fed. 22, 18 C. C. A. 418.

The record in this appeal presents no available error. Therefore the judgment is affirmed.