CITY OF INDIANAPOLIS ET AL. *v.* CENTRAL AMUSEMENT COMPANY ET AL.

[No. 23,159. Filed May 17, 1918.]

1. APPEAL.—*Review.*—*Presumption of Amendment.*—In a suit for mandatory relief in which the state is only a nominal party and the judgment is not rendered for its benefit, the failure to challenge a complaint in the trial court because it was not filed in the name of the state, on relation of the party in interest, as required by §1224 Burns 1914, Acts 1911 p. 541, authorizes the Supreme Court to treat the complaint as amended to conform to the statute, and affirm the judgment if correct on its merits. p. 389.

2. MUNICIPAL CORPORATIONS.—*Streets and Sidewalks.*—*Regulation.*—An ordinance providing that "canvas awnings of the folding or hinged class or metal awnings may be erected beyond the building line, when the same are not less than eight feet above the sidewalk," is a valid exercise of the power conferred by §8655 Burns 1914, Acts 1905 p. 246, which authorizes the enactment of ordinances concerning the use of streets and sidewalks and for the regulation of awnings and other structures in, over or under the same. p. 389.

3. MUNICIPAL CORPORATIONS.—*Streets and Sidewalks.*—*Awnings.*—A metal awning extending over a sidewalk at a height of twelve feet, and so attached to the wall of a building as to be readily removable, is not within the prohibition of the rule denying municipal corporations the right to authorize a property owner to erect any structure that will permanently interfere with the rights of the public or of another private person. p. 390.

4. TRIAL.—*Special Findings.—Sufficiency.—Plans for Construction of Awnings.—Review.*—In a suit to compel the commissioner of buildings to issue a permit for the construction of a metal awning, a special finding is sufficient as against the objection that it shows the submission of only a general description of the awning, where the description referred to detailed plans thereof, which were submitted to the commissioner and refused on the ground that the structure was not authorized by law. p. 390.

From Marion Superior Court (101,582); *Vincent G. Clifford*, Judge.

Proceedings by the Central Amusement Company and others against the city of Indianapolis and others to compel the commissioner of buildings to approve specifications for an awning over a sidewalk, and for an injunction. From a judgment for the plaintiffs, the defendants appeal. *Affirmed.*

*Woodburn Masson, W. A. Pickens, Paul G. Davis, Walter Myers* and *Russell J. Ryan*, for appellants.

*Joseph B. Kealing* and *Martin M. Hugg*, for appellees.

SPENCER, C. J.—This action was instituted by appellees to compel Jacob H. Hilkene, as commissioner of buildings of the city of Indianapolis, to approve certain plans and specifications for a metal canopy or awning to be erected over the sidewalk in front of a moving picture theatre owned and operated by appellees in said city, and to authorize the issuance of a permit for the construction of the same. The complaint also asks that each of the appellants be restrained and enjoined from interfering with the erection of the proposed awning in accordance with said plans and specifications, and from interfering with the same after its construction as thus contemplated. No objection to this complaint was raised in the trial court, either for misjoinder of causes of action, or for any improper pleading of the same, but on appeal it is asserted that, as one object of the action is to secure mandatory relief, the cause should

have been prosecuted in the name of the state on relation of appellees rather than in the present form.

In view of. the statutory direction that an action for mandate is to be brought in the name of the state, on relation of the party in interest (§1224 Burns 1914, Acts 1911 p. 541), a complaint which is not so drafted is open to attack in the trial court; but where, as in this case, the state is only a nominal party to the suit and the judgment is not rendered for its benefit, the failure to challenge the form of the pleading at the proper time will authorize this court, on appeal, to treat the complaint as amended to conform to the statutory requirement, and affirm the judgment if correct on its merits. *Sahm* v. *State, ex rel.* (1908), 172 Ind. 237, 245, 88 N. E. 257; *Wise* v. *McKeever* (1915), 184 Ind. 686, 112 N. E. 765; *State, ex rel.* v. *Board, etc.* (1883), 92 Ind. 133, 135; *Morris* v. *State, ex rel.* (1884), 94 Ind. 565, 567; *Brower* v. *O'Brien* (1850), 2 Ind. 423, 431.

In passing to the substance of the case, we need not consider the particular allegations of the complaint further than to say that they are sufficient to sustain the theory adopted by the trial court that appellees, as owners and operators of a moving picture theatre, are asserting a right to erect the canopy or awning in question under the provisions of §106 of the building ordinance of the city of Indianapolis, and we will adhere to that theory on appeal. *Gilchrist* v. *Hatch* (1915), 183 Ind. 371, 381, 106 N. E. 694, Ann. Cas. 1917E 1030. Section 106 of the ordinance provides that "canvas awnings of the folding or hinged class or metal awnings may be erected beyond the building line, when the same are not less than eight (8) feet above the sidewalk." The objection is made that this section is invalid as not within the power of the common council to enact, if it is to be construed as authorizing the con-

struction of the awning in question, but we see no merit in this contention. Clause 31 of §8655 Burns 1914, Acts 1905 p. 246, expressly authorizes the enactment of municipal ordinances concerning the use of streets and sidewalks and for the regulation of signs, posts, awnings and other structures in, over, or under the same, and §106, *supra*, clearly represents a valid exercise of that power.

The trial court has found specially that the proposed awning is to be made of metal and so attached to the wall of the theatre building as to be readily removed at any time. It is to be not less than twelve feet above the level of the sidewalk and will not in any manner obstruct or interfere with the use of the sidewalk or of the street. Under such circumstances, it is clearly not within the prohibition of the rule which denies to municipal corporations the right to authorize a property owner to erect any structure which will permanently interfere with the rights of the public or of another private person. *Adams* v. *Ohio Falls Car Co.* (1892), 131 Ind. 375, 379, 31 N. E. 57; *State* v. *Berdetta* (1880), 73 Ind. 185, 189, 38 Am. Rep. 117; *Pettis* v. *Johnson* (1877), 56 Ind. 139, 148. Section 106 of the ordinance is not open to the objection urged against it. *Hoey* v. *Gilroy* (1891), 129 N. Y. 132, 137, 29 N. E. 85; 3 Dillon, Mun. Corp. (5th ed.) §1186.

It is required by other provisions of the ordinance, however, that before the erection or alteration of any building or other structure shall be commenced, plans and specifications therefor shall be filed with and approved by the commissioner of buildings, and a permit issued. Appellants contend that the special findings of fact made by the trial court do not show that appellees have submitted such plans and specifications as are required by the ordinance and may

First Nat. Bank, etc. *v.* Garner—187 Ind. 391.

not, therefore, compel the issuance of a permit for the construction of the proposed improvement. It is true that the special findings contain a general rather than a technical description of the awning in question, but this description has reference to detailed plans and specifications which, it is agreed, were submitted to appellant Hilkene and refused by him solely on the ground that the structure was not authorized by law. In view of this stipulation, counsel are in no position to complain as to the sufficiency of the description set out in the finding of facts.

Our conclusions above stated serve in their substance to dispose of each contention made by appellants. The record shows that the proposed awning is a structure authorized by a valid municipal ordinance, and that in seeking a permit to construct the same, appellees have complied with all the provisions of that enactment. Their demand for such permit was, therefore, improperly refused, and they are entitled to the relief sought in this action.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 481. Municipal corporations: grant to private persons of right to use sidewalks for structures, 125 Am. St. 346, 28 Cyc 859.