HOOSIER CHEMICAL WORKS, INCORPORATED, ET AL. *v.*
BROWN.

[No. 25,509.  Filed March 5, 1929.]

*Louis Rosenberg* and *Salem D. Clark,* for appellants.
*Claycombe & Stump,* for appellee.

GEMMILL, J.—The appellee brought this suit against the Hoosier Chemical Works, Incorporated, and the officers of that corporation, to mandate them to accept the surrender of a certificate of stock issued to Charles A. Bruns and assigned to him; to transfer said stock and issue a new certificate to him for nineteen shares of the stock of the corporation; and to permit him to have and exercise all of the rights of a stockholder of the company. The plaintiff was one of the incorporators of the Hoosier Chemical Works, and a certificate was issued to him for twenty shares of its capital stock. He transferred nineteen shares of the stock to Charles A. Bruns, who received a new certificate for same. The plaintiff, a few months later, purchased the stock from Bruns, and the defendants refused to accept the assigned certificate and transfer the stock.

Defendants filed an answer in three paragraphs. The first paragraph was a general denial. The second paragraph contained the following averments: The Hoosier Chemical Works is an Indiana corporation and the other defendants are officers of the corporation. The plaintiff was one of the incorporators and assisted in the adoption of the by-laws adopted to govern the corporation. One of the by-laws provided that subscriptions for· stock should be payable in full at the time of making such subscriptions unless time be given and other terms of payment set forth in the stock subscription itself, and in no event, should credit be given beyond eighteen months from the time of the subscription. Said by-law was in full force and effect at the time of issuing the certificate to Charles A. Bruns, which fact Charles A. Bruns and the plaintiff well knew. Said certificate was issued to Charles A. Bruns, conditioned upon his paying to the Hoosier Chemical Works the sum of $2,000 before the title and ownership in and to said stock represented by said certificate would pass to him. The plaintiff knew

of this condition pertaining to the ownership of the stock passing to said Charles A. Bruns before purchasing the stock of him. Bruns failed to pay $2,000 for the stock. The board of directors representing the defendant corporation, on account of the non-payment of said $2,000 by Bruns, canceled said certificate, by resolution of the board of directors. And the plaintiff, before the purchase of the stock from Bruns, knew that the ownership of the stock did not pass to Bruns until fully paid for, and had knowledge of the fact that the certificate had been canceled of record on account of non-payment therefor before plaintiff purchased said certificate of stock from Bruns and before making demand on the board of directors representing said corporation for a retransfer of the stock to him. The third paragraph contained the same statements as the second regarding the incorporation of the Hoosier Chemical Works, its officers, and one of the by-laws, and also the following averments: The plaintiff learned and discovered that the issuance of said stock was unlawful and in violation of the statutes of Indiana and of the by-laws of the defendant corporation. In order to make the issuance of said stock theretofore issued to him legal, he agreed that, before the ownership of the stock passed to him, he would pay to the defendant, Hoosier Chemical Works, Incorporated, the sum of $2,000, and, as evidence of said $2,000 which he agreed to pay for the stock, he executed his promissory note in the sum of $2,000, payable to the defendant corporation. Bruns knew before the alleged purchase of the stock that the ownership of same was not to pass to Brown until said $2,000 was paid to the defendant corporation, and he knew, before the purchase of the stock, that said note of Brown had not been paid. After the assignment of the stock of Brown to Bruns, the latter agreed to pay the defendant corporation, before the stock would pass to him, the sum of

$2,000.   Prior to the alleged purchase of the stock from Bruns by Brown, and at the time of the alleged purchase of same, Brown knew that Bruns had not paid to the corporation said sum of $2,000, in consideration of the issuance of the stock.   Bruns failed to pay the $2,000, and the board of directors canceled the certificate of stock, prior to the alleged purchase of same by Brown. And Brown knew that the ownership of the stock did not pass to Bruns until fully paid for, and knew that said certificate had been canceled of record on account of the non-payment before plaintiff purchased the certificate of stock from Bruns and made demand on the board of directors of the corporation for a retransfer of the stock to him.   A demurrer was filed to the second paragraph, but no ruling on same appears in the record.   A reply in general denial was filed.   The cause was submitted to the court for trial.   The court found for the plaintiff and rendered judgment accordingly.

On appeal, the appellant has assigned as error that the court erred in overruling its motion for a new trial. The statutory causes in the motion for a new trial were that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law.   Two other causes for a new trial were not statutory causes, but had the same meaning as those stated.

Certain evidence is set out in appellee's brief which had been excluded by the court.   This evidence had no place in appellee's brief and has not been considered.

The finding of the trial court on a question of fact as to which the evidence is conflicting is conclusive on appeal, since the Supreme Court will not weigh the evidence.   The evidence was conflicting as to the payment for the original stock issued to plaintiff and assigned to Charles A. Bruns.   But there was some evidence that he had paid for same, upon which the find-

ing of the court could be based. There is a conflict in the evidence as to whether he ever agreed to do so.

This suit should have been brought in the name of the state on the relation of the party in interest. §1244 Burns 1926. But, in a suit for mandatory relief in which the state is only a nominal party and the judgment is not rendered for its benefit, the failure to challenge a complaint in the trial court because such complaint was not filed in the name of the state, on relation of the party in interest, authorizes the Supreme Court to treat the complaint as amended to conform to the statute, and to affirm the judgment, if correct on its merits. *City of Indianapolis* v. *Central Amusement Co.* (1918), 187 Ind. 387, 119 N. E. 481. Mandamus was the proper action for plaintiff to bring, and the sufficiency of the complaint was not raised by demurrer.

It is provided in Acts 1923, ch. 24, §15, §4979 Burns 1926, as follows: "There shall be no lien in favor of a corporation upon shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-laws of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate." The act of which the above-quoted section is a part took effect on April 30, 1923; and, by the last section of same, all acts or parts of acts inconsistent with it were repealed. The certificate of stock issued to Charles A. Bruns and which it is sought by this action to have accepted and transferred by the corporation and its officers, was dated February 21, 1925, and the right of the corporation to a lien or restriction upon the transfer of shares so represented by it was not stated upon the certificate.

The decision of the court was sustained by sufficient evidence and was not contrary to law.

Finding no reversible error, the judgment is affirmed.