## SUPREME COURT.

THE PEOPLE *ex rel.* JAMES O'REILLY agt. THE MAYOR, &c., OF THE CITY OF NEW YORK, ALLAN CAMPBELL, commissioner of public works, and JOSEPH BLUMENTHAL, superintendent of incumbrances.

*New York (city of) — Unlawful obstruction of the streets — Duty of commissioner of public works and the superintendent of incumbrances — mandamus the proper remedy to compel them to perform their duty.*

The common council of the city of New York have no power or right to authorize the placing or continuing of any obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repair of a building on a lot opposite the same.

The common council by resolution declared that licensed vendors should be permitted to occupy Forty-second street, west of Eighth avenue and within 325 feet of that avenue, Saturday nights from 6 to 12 o'clock:

*Held,* that to permit the street to be occupied and obstructed in this manner is clearly unlawful. It not only prevented its use and enjoyment for the ordinary purposes for which it is maintained, but also deprived the owners and residents upon it of the complete and beneficial use and enjoyment of their own property; and as to them the obstruction was substantially a nuisance, and a party suffering special injury from it has a right to appeal to the courts for redress.

*Held,* further, that where the superintendent of incumbrances and the commissioner of public works (who in terms are authorized to keep the streets clear of obstructions) have been applied to and requested to exercise their authority and remove these obstructions but have declined and refused so to do, a *mandamus* will issue requiring them to interpose and remove the same.

Although, as a general rule, a *mandamus* will not issue where the party has another remedy, it is not universally true in relation to corporations and ministerial officers, for while they may be liable in an action for neglect of duty they may still be compelled by this writ to exercise their functions according to law.

*At Chambers, May,* 1880.

*Thomas Cushing* and *James Clark,* for relator.

*William C. Whitney,* for defendants.

Daniels, *J.*— The application in this case is for a writ of peremptory *mandamus* requiring the removal of obstructions in Forty-second street, between Eighth and Ninth avenues.

The applicant is a physician having his residence and office at 303 West Forty-second street, which is about seventy-five feet west of the Eighth avenue; and since the 6th of June, 1879, vendors of various articles have occupied this portion of Forty-second street from 6 o'clock until 12 in the evening, with horses, wagons, merchandise, and assistants, for the purpose of selling their property. It appears by the affidavit of the applicant that the street, at this point, has been occupied by about fifty of these vehicles, selling various descriptions of produce — meat, fish and other goods — to persons resorting to that locality for the purpose of making their purchases. The vehicles, together with the patrons, appropriate so much of each side of the street and sidewalks as to prevent their free use and enjoyment by persons having occasion to pass along them. The vehicles are backed up to the walks and the articles exposed for sale in them, and pur-. chased by persons standing upon the walks. The obstruction occasioned in this manner is shown to have been so great as seriously to impair and interfere with the enjoyment of the applicant's property. He is unable to approach or leave it with his own vehicle, and prevented by the noise and disturbance of the street from properly practicing his profession;

and his patients appear to be incommoded in passing to and from his residence. The injury to him is both personal and substantial, and one which he has a right to have redressed through the instrumentality of the courts, if this occupancy of the streets and walks shall be found to be unlawful. The primary object of streets and walks is the accommodation of persons having occasion to use them, and they are entitled to this enjoyment free from needless obstructions; and if this street has been occupied in this manner without lawful authority, such occupancy is substantially a nuisance requiring to be terminated by the interposition of the courts. It is claimed on the part of the officers proceeded against, on whom alone the papers were served, that the persons using the street in this manner had been authorized to do so by the license of the common council of the city, and that this license was a legal exercise of existing authority. The license was provided for by a resolution adopted by the board of aldermen upon the report of the committee on streets on the 6th of June, 1879, and it declared that licensed vendors should be permitted to occupy Forty-second street, west of Eighth avenue, and within 325 feet of that avenue, Saturday nights from 6 to 12 o'clock, but not to interfere with public travel on the streets. The effect of the resolution, as well as its terms, was to permit an occupancy of this street during the hours mentioned upon every recurring Saturday night. It was not simply to pass along the street or to use it as streets ordinarily are used for the convenience of the public in supplying the wants of those who reside upon them, but it was, for the time mentioned, an exclusive appropriation of so much of the street as should be found necessary for the occupancy mentioned in the resolution. The charter of the city then in force authorized the common council to regulate traffic and sales in the streets, highways, roads and public places of the city, but it evidently was not intended that such authority should be exercised in the manner in which it has been by means of this resolution; for a succeeding subdivision of the same section in which this pro-

vision is contained declared that the council should have no power to authorize the placing or continuing of any obstruction upon any street or sidewalk, except the temporary occupation thereof during the erection or repair of a building on a lot opposite the same (*Laws of* 1873, 487–8, 17, *subd.* 1–4). These two provisions require, as they relate to the same subject, to be construed together, and the latter so far restrains and limits the former as to withhold, by means of its terms, such power as was attempted to be exercised through this resolution. Under the latter subdivision no obstruction of any street or sidewalk of the description of that permitted by the resolution can be authorized by the common council; and such was the view which was taken of these provisions by Mr. justice VAN VORST in the case of *Ely* agt. *Campbell* (*MS. opinion, post.*)

To permit the street to be occupied and obstructed in this manner was clearly unlawful. It not only prevented its use and enjoyment for the ordinary purposes for which it is maintained but also deprived the owners and residents upon it of the complete and beneficial use and enjoyment of their own property; as to them the obstruction was substantially a nuisance, and a party suffering special injury from it has a right to appeal to the courts for redress.

That might probably have been secured by means of an indictment, or, to a certain extent, by an action for damages; but these remedies were somewhat doubtful in their nature and would not afford that immediate assistance which the residents upon the street had the right to require. For that reason the application for the writ of *mandamus* has been made requiring the officers of the city having supervision of the streets to interpose and remove these obstructions. These officers have been requested to exercise their authority to secure this result, but they have declined to do so for the reason that it was supposed that the resolution of the common council legally permitted this use to be made of the streets.

One of the officers to whom this application was made was

the commissioner of public works, who in terms was authorized to keep the streets clear of obstructions (*Laws of* 1873, 502, *sec.* 71, *sub.* 9). And for the purpose of more effectually accomplishing that end it has been provided, further, that there should be a bureau in his department for the removal of incumbrances of the streets and sidewalks, the chief officer of which should be called the superintendent of incumbrances, to whom all complaint should be made, and by whom such incumbrances should be removed (*Id.,* 503, *sec.* 72, *sub.* 8).

These two provisions confirm the construction already given to those contained in the preceding section, for they were enacted in such terms as to indicate the unlawful character of obstructions of this nature, and they render their removal by the commissioner of public works and the superintendent of incumbrances a positive and unqualified duty. They have the authority, and, in addition to that, are required to use it by removing incumbrances; and as these obstructions in this street have been maintained and continued without lawful authority it was their duty to remove them, notwithstanding the existence of the resolution adopted by the common council, for that resolution was in conflict with the provisions of the charter upon this subject and consequently invalid. Where ministerial officers like these are charged with the performance of a duty which any citizen is interested in having performed, and has a right to insist on its being performed, the officer may be required to act by means of the writ of *mandamus.* In this case the officers have no discretion, but the statute is plain and mandatory, and it is their duty, under its provisions, to remove these obstructions existing in the street, and the writ of *mandamus* is an appropriate means through which they may be required to exercise their authority and perform this duty (2 *Crary Sp. Proceedings* [*2d edition*], 556).

This writ may be allowed whenever a party has a legal right and is entitled to a specific remedy to enforce it, and a

public officer whose duty it is to afford that remedy refuses to act (*Wood on Mandamus*, 27; *People* agt. *Asten*, 49 *Howard*, 406), if no particular remedy be given and there is no other plain and effectual mode of relief. *Mandamus* is proper in all cases where it is adopted to enforce the right and duty in question, and. it will not be refused merely because there is a remedy in equity or an imperfect remedy at law, not adequate to the purpose, as an action for damages which would not remove the obstructions would be, or because the officers or adverse party may be prosecuted criminally for neglect of duty (*Dillon on ·Mun. Corporations* [*2d edition*], *sec.* 616; *People* agt. *Commissioners of Emigration*, 22 *Howard*, 291; *People* agt. *Collins*, 19 *Wend.*, 56). The principle now established will entitle the party to this writ whenever a legal right exists and his legal remedy either fails or is inadequate; and the fact that the party may be indicted does not constitute any proper objection to the issuing of the writ (*People* agt. *Mayor, &c.*, 10 *Wend.*, 395).

Although, as a general rule, a *mandamus* will not issue where the party has another remedy, it is not universally true in relation to corporations and ministerial officers, for while they may be liable in an action for neglect of duty, they may still be compelled by this writ to exercise their functions according to law (*McCullough* agt. *The Mayor*, 23 *Wend.*, 458). Under the principle maintained by these authorities this applicant appears to have just legal grounds to support him in this application. The obstruction is unlawful; it has been specially injurious to him as an occupant of property, and no legal authority for its creation or continuance exists. It has been made the duty of the officers proceeded against to remove it, and in that manner to restore the street to the state of usefulness and convenience it was designed to afford.

They have refused to perform that duty, and as the applicant has a right to insist on its performance he is entitled to this writ for the purpose of setting these officers in motion, and securing that degree of redress in the premises which he

is legally entitled to receive. An order will, therefore, be entered directing the writ to issue to the superintendent of incumbrances and the commissioner of public works requiring them to remove the obstructions from this street, which has been created and is continued by the persons who have resorted there, under the liberty secured by the terms of this resolution, for the purpose of selling their wares and products, but, under the circumstances, no costs of the application will be allowed.