By the Court.—Freedman, J.
The plaintiffs are retail dealers in white and ladies’ goods at Mo. 243 Grand street in the city of Mew York, and have been doing business there for over thirty years. They lease the whole building, and occupy the first and basement floors for the purposes of their business. The other portions of the building are in the occupation of their tenants.
The defendants occupy the building Mo. 245 Grand street, adjoining the building of the plaintiffs on the easterly side thereof, and there carry on a general dry goods business.
Both buildings stand upon the southerly side of Grand street, and their fronts are in the same line. A flagged sidewalk which extends along the fronts of both buildings, is about eighteen feet in width, and constitutes a part of Grand street, which is a public street.
For some time prior to the commencement of this action, the defendants used a large part of the sidewalk in front of their store as a sort of annex to their place of business, and for the purpose of displaying quite a variety of goods. Some of these goods were placed upon the sidewalk, and others were suspended from a permanent *465 awning structure. This structure extended the full width of the store from the front of the store to the curbstone or outer edge of the sidewalk, where it rested on iron columns, and on the sides it had canvas wings, to be used on rainy days, and which, when used, reached from the top of the awning to the surface of the sidewalk. Each of these wings, when used, extended about seven and a half feet out from the front of the store. When not in actual use, the wings were reefed or drawn together against the building. The awning also had pivoted slats, which opened and closed in the same manner, as Venetian blinds or shutters do. In short, the arrangements were such as to enable the defendants, on wot days, to inclose the sidewalk in front of their store for a space of twenty-five feet (the width of the store) by seven and a half feet, and to use it as a part of their store, and they did so use it.
Upon the whole, the continuous regular use made by the defendants of the sidewalk in front of their store, deprived the building of the plaintiffs of light and air to a considerable extent at all times, and entirely cut off the view of their store from the east side. The plaintiffs were also annoyed by the defendants in this, that the goods so displayed were frequently projected and suspended over a part of the front of plaintiffs’ premises, and especially over a part of the space in front of the hall and doorway leading to the first loft of plaintiffs’ premises ; that, in the adjustment and arrangement of the display of the goods, a number of men in the employ of the defendants were engaged for a considerable time every morning, who placed and used boxes, ladders and poles directly in front of the said hall and doorway of the plaintiffs ; and that by these means the access to plaintiffs’ premises was interfered with.
Upon these facts, there can be no doubt that, as found by the learned judge below, the plaintiffs showed sufficient special damage.
The main .contention of the defendants is, however, *466 that/ notwithstanding such damage, the plaintiffs have no cause of action, because the acts done by them, the defendants, were done under a permit granted to them by due public authority:
The permit in question appears to have been granted by the registrar of permits, and it purports to have been issued by virtue of a corporation ordinance, and to give permission to exhibit goods. It also provides, in express terms, that the privilege thereby granted must be exercised inside of the stoop line in front of thé premises, and must not be of such size and character as to be or become an obstruction to the rights of the neighbors, and that goods, when éxhibited, must not be placed more than three feet from the building line, and not to a greater height than five feet.
The permit, upon its face, therefore, authorized no such use of the sidewalk by the defendants as the proof showed they had made of it, for they went far beyond the stoop line.
Besides that, the ordinances of the city of Hew York, limit the- hanging or placing of any goods to twelve-inches from the front of the store or building {Corporation-Ordinances, in force Jan. 1, 1881, § 52), and no provision has been pointed out which confers upon the registrar of ■ permits, who by section 281 of the said ordinances, is authorized to grant permits in certain cases, any greater power.
Hot even the mayor, aldermen and commonalty of the city of Hew York, collectively, can authorize such a use of a sidewalk as the defendants made of the sidewalk in front of their premises. True, under subd. 3 of section • 86 of the Consolidation Act of 1882, the common council has power to regulate, by ordinance, the use of sidewalks, and to prevent in like manner the extension of building fronts and house fronts within stoop lines. But this power is expressly made subject to the provision contained in the beginning of the section, that the ordinance must not be inconsistent with law and the constitution of *467 this state, and is also subject to the further provision contained in subd. 4 of the same section, that they shall have no power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof, during the erection or repair of a building on a lot opposite the same.
The paramount duty of the city authorities, except as they are expressly otherwise directed, or in cases of necessity otherwise empowered, is to keep the streets of the city, inclusive of the sidewalks, open and unobstructed for the. benefit of the people of the entire state. As a general rule, the public are entitled not only to a free passage along the streets, but to a free passage over each and every portion of every street. These propositions have been laid down and reiterated so often that it would be a waste of time to collect all the authorities that could be cited in their support. The cases of People ex rel. O’Reilly v. Mayor, &c. (59 How. Pr. 277), and Ely v. Campbell (59 Ib. 333), are quite sufficient for the purpose.
The examination so far made sufficiently shows that the acts of the defendants in displaying their goods in the manner they did, were wholly unauthorized. The necessary tendency of these acts was to impair the usefulness of the sidewalk as a public thoroughfare, as well as to cause damage to the plaintiffs. Public and private rights were alike violated. The defendants were therefore guilty of having created, maintained and continued a nuisance which injuriously and specially affected the plaintiffs, and upon the authorities, the plaintiffs were entitled to an injunction, especially as the defendants refused to discontinue their practices unless restrained by the court (Trenor v. Jackson, 15 Abb. N. S. 115 ; Hallock v. Schreyer, 33 Hun, 111).
The findings of fact signed by the learned judge below are not accurate as to the height of the awning, and they may be inaccurate as to a few other particulars, but these inaccuracies do not affect the merits. In all essential *468 things the findings as made are sustained by the evidence, and in turn they support the conclusions of law based thereon.
The injunction, as granted by the judgment, does not enjoin and restrain the defendants from carrying goods across the sidewalk out of or into their store, nor from temporarily placing them thereon during the process of loading or unloading carts or wagons, nor does it deprive the defendants of any right to use the sidewalk in the same manner in which it may be used by any other person. "When reasonably and properly construed, it only enjoins and restrains practices resulting, or having a tendency to result, in what are commonly denominated street obstructions.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., and Van Vorst, J., concurred.