## PEOPLE *ex rel.* MULLEN *v.* NEWTON.

*N. Y. Supreme Court, First District, Chambers; April,* 1887.

1. *Mandamus to public officer; abatement of nuisance.*] It is no ground for denying the remedy of mandamus against a public officer to compel him, in the discharge of his official duty, to abate a nuisance in the public street, that there are thousands of such nuisances, which would require an army of employees and put the city to heavy expense to remove, and that the relator has a remedy against the individual maintaining the nuisance,—unless it appears that the respondent, by reason of the multitude of such applications, actually made, is without men or money to enforce the direction of the court.*

2. *Case stated.*] *So held* upon an application to compel the commissioner of public works of the city of New York, to remove meat racks erected upon the sidewalk by the occupants or in front of premises adjoining those of the relator.

Motion for mandamus.

The affidavit of Thomas E. Mullen, the relator, upon which the order to show cause why a peremptory mandamus should not issue was granted, alleged that the relator was in the business of painting and paper-hanging at No. 614

---

* Compare the previous and two following cases.

Third avenue, and that adjoining the deponent's premises, at No. 612 Third avenue, was a butcher shop, used and occupied by Frohman Brothers, and

"*Third.* That the said Frohman Brothers, have erected in front of their said premises, a meat-rack, containing hooks, upon which they suspend various kinds of meat, greatly to the detriment of this deponent's business and, as this deponent believes, to the inconvenience and annoyance of passers-by.

"*Fourth.* This deponent is informed and believes, that the erection of and continuance of said racks in front of said premises as aforesaid, is in violation of law, and should be removed.

"*Fifth.* This deponent states that he made complaint to the commissioner of public works against the continuance of said racks, and although he is informed that said commissioner directed that the same be removed, it has not been done, and this deponent is informed by his attorney that there is no probability of their removal by said commissioner unless compelled to.

"*Sixth.* This deponent further states that the board of aldermen passed an ordinance granting permission to the said Frohman Brothers to continue said racks in front of their premises, February 1, 1887, but that the said ordinance was vetoed by the mayor, and this deponent is informed that the said commissioner of public works has knowledge of the same.

"*Seventh.* That by reason of the illegality of the erection of said racks and their continuance, this deponent prays that an order to show cause issue, directed to the said commissioner of public works, why a peremptory mandamus should not be granted, requiring him to, first, comply with the law, and, second, remove the said rack or racks from in front of said premises."

Upon the return day Frohman Brothers appeared by counsel and submitted affidavits in opposition to the motion.

The deposition of Herman Frohman stated that he was a member of the firm of Frohman Brothers of the city of

New York, and the present occupant of the store No. 612 Third avenue, and had carried on the business of a retail butcher at said premises for about seven years last past. That the meat racks in question have been in front of the store from the commencement of their occupancy thereof; that the racks at their widest part are about twenty-two inches from the house-line and entirely within the stoop-line and did not in any respect protrude or extend over the side-walk, nor are they an impediment to the business of the neigh-borhood, nor do they inconvenience or annoy passers-by. That no complaint has ever heretofore been made respecting these racks, which are of the kind, size, and quality usually used by butchers, and are used in a legitimate, proper and respectable manner. . . . That the complaint of the relator has been investigated by the commissioner of public works, who as deponent believes, found that the said racks were not an encroachment upon the public street. That subsequent to this investigation permission was granted by the board of aldermen to retain said meat racks in front of their premises. Deponent verily believes that the relator is acting simply by reason of spite or to revenge himself against an alleged grievance.

Affidavits by the different occupants of neighboring stores and buildings were also submitted to the effect, that the racks in question were of the kind, size and quality usually employed by butchers, and that they were not in any respect an impediment to the business of the neighborhood, and did not inconvenience or annoy the neighbors or passers-by; and the affidavit of the owner of the premises that the racks were built by him at the same time that the house was erected (1858) and had ever since remained there without any change.

Annexed to the affidavits in opposition was a copy of a resolution of the common council relied on granting permis-sion to Frohman Brothers to retain the meat rack then in front of their premises, within the stoop line, during the

pleasure of the council, and which appeared to have been vetoed by the mayor, but passed over his veto.

*George W. Blunt*, for the relator, and the motion.

*E. H. Lacombe*, corporation counsel, for the respondent, opposed.

*Leopold Wallach*, for Frohman Brothers, opposed.— Power is given to the common council by *L.* 1870, c. 137, § 21, as amended by *L.* 1882, c. 410, § 86, subd. 8, to grant permits for the erection of any structure on a highway or public street, not inconsistent with law, or to the inconvenience of the general public. Frohman Brothers having obtained permission to continue the meat racks in question in front of their premises, they were justified in continuing the same, and compulsory removal would of itself be a violation of law.

Under the provisions of the Montgomerie charter and of *L.* 1813, c. 86, the common council were authorized to pass ordinances regulating the erection of awnings in the public streets, and an awning erected in pursuance of and in compliance with the provisions thereof, is not an unlawful structure (Hume *v.* Mayor, etc. of N. Y., 9 *Hun*, 674 ; 74 *N. Y.* 264). In this case it was held that as the awning was allowed to remain undisturbed for nearly seven years, without any dissent of the public authorities, it dispensed with the necessity of procuring official permission (See also Hubbell *v.* Adams Express Co., *U. S. Circ. Ct.*, March, 1887.)

If the relator feels aggrieved or damaged, his proper remedy is an action at law, where he would have to show special damages sustained beyond those common to the community (Galligan *v.* N. Y. Concert Co., *N. Y. Daily Reg.*, January 9th, 1884).

PATTERSON, J.—In the elaborate brief submitted by the

People *ex rel.* Mullen *v.* Newton.

corporation counsel, it is conceded that the meat rack in question is a nuisance, and the only subject necessarily to be considered is whether this court shall compel the commissioner of public works to remove it.

It is argued that there are thousands of nuisances in the public streets, and that if this court undertakes to direct the commissioner to abate them, he will require the aid of an army of employees, and the city will be put to a heavy expense, which must be borne by the taxpayers, and the suggestion is advanced that in a case where a private person complaining has a clear remedy against the individual maintaining the nuisance he should be left to that remedy, and the court should not exercise its discretion to direct the public officer to act. In the decision of these questions and in the exercise of its discretion the court should not go outside of the papers before it, nor have regard to mere general asseverations of the inconvenience public officers may be put to in carrying out the mandate of the court in the attempt to rid the city of admitted nuisances; but there is here only the simple question of the suppression of this particular nuisance. Why should it not be suppressed? The argument of inconvenience and expense to the city cannot prevail until it is shown that by reason of the multitude of these applications, actually made, the commissioner of public works is without force of men or supplies of money to enable him to enforce the direction of the court. This is not made to appear on the present application.

The motion for a mandamus is granted.*

---

* The body of the mandamus issued was in the following form:

"Whereas it appears to us by the relation of the petitioner, T. F. M., that said petitioner is a merchant engaged in the paper-hanging and painting business at No. 614 Third Avenue, on the west side of said avenue, and that meat racks with iron rests or poles running from said meat racks in the sidewalk are attached to and project from the adjoining premises No. 612 Third Avenue, being the premises next adjoining the petitioner's on the south, and partly covering the sidewalk appropriated to the public, and that said meat racks obstruct the

People *ex rel.* Mullen *v.* Newton.

view of people coming along Third Avenue on the west side to the windows of the said relator's said store, and that said meat racks encroach upon the public street and are a public nuisance.

"And it further appearing that the said J. N., commissioner of public works, has been duly notified and requested by the said relator to remove such obstructions from said premises, and from said portion of said street and sidewalk, and to exercise the lawful power and authority vested in him to prevent a further use and occupancy of said portion of said avenue or sidewalk, by such obstructions, in the manner aforesaid, and to keep said portion of said sidewalk free and clear of the obstructions and encumbrances aforesaid, with which request the said defendant J. N. has wholly neglected and failed to comply, as appears by the relation of said T. F. M., and which complaint we have adjudged to be true as appears to us of record.

"Now, therefore, we command you that you henceforward remove and keep removed from in front of the premises, No.          Avenue, and from said portion of said sidewalk, the meat racks and rests or poles attached to the same obstructing said sidewalk, and to exercise the lawful power and authority vested in you as such commissioner of public works to the city of New York, to keep said portion of said sidewalk and the front of said premises free and clear from the obstructions and encumbrances aforesaid, and to prevent the erection of said meat racks and the occupancy or obstruction of said portion of said avenue or sidewalk by the placing or erection thereon of meat racks, poles, rests or other articles.

"And in what manner this our writ is executed make appear to our Supreme Court at its Special Term, appointed to be held at the Chambers thereof in the County Court House in the City of New York on the 30th day of April, 1887, then and there return this our writ according to the provisions of title 2 of chapter 16 of the Code of Civil Procedure.

"Witness, etc."                                        "E. P."