JOHANNA SIMIS, Plaintiff, *v.* WILLIAM BROOKFIELD, as Commissioner of Public Works, et al., Defendants.

(New York Superior Court — Special Term, July, 1895.)

Municipal authorities cannot be enjoined from removing unauthorized incumbrances from sidewalks or streets.

Under the ordinances of the city of New York an awning extending across a sidewalk and covered with wood is illegal.

Business cannot be conducted upon the public streets, and the constant placing out of show cases for the exhibition and sale of goods is unauthorized and illegal.

Bay windows, erected without a permit, which extend nearly six feet beyond the house line, are incumbrances.

MOTION by plaintiff to continue injunction *pendente lite.*

*A. Simis, Jr.,* and *A. Kling,* for motion.

*F. M. Scott* and *G. L. Sterling,* opposed.

McADAM, J. The motion is to continue an injunction restraining the commissioner of public works and the superintendent of the bureau of incumbrances from removing a certain awning at the southeast corner of Fulton and Church streets, this city; from removing certain show cases in front of said premises, and interfering with certain bay windows said to project in and upon the street.

The plaintiff is in the occupation of the building, which is about seven feet and eleven inches on Fulton street and about seventy-seven feet and nine inches on Church street; and she and her predecessor in title have occupied it for about twenty-five years past, during all which time there has been an awning in front of the building, extending over and across the sidewalk to the curb line.

It is claimed by the plaintiff that the awning is a legal structure because it is said to conform to the ordinances of the common council, and the case of *Hoey* v. *Gilroy,* 129 N. Y. 132, is cited to sustain her contention. In that case it was held that the court could restrain the commissioner of public works from removing an iron awning supported by iron pillars, which was expressly authorized by an ordinance of the common council, and which was constructed in accordance therewith. Copies of the ordinances of the common council form part of the papers submitted, and from these it appears that to constitute a legal structure a permit must be obtained, and the awning must be of metal or canvass and in no case covered with wood.

The proofs show that the awning in question is not made of metal, but consists of a roof of boards covered with some preparation of tar, resting on a light wooden framework supported by ten wooden posts near the curb line and by the building on the other side; that the structure is old and dan-

gerous in case of fire; that suspended from the roof of this awning on the Church street side, and for a portion of its length, is a gas pipe with numerous gas jets having porcelain shades; that the pipe extends into the street, and from it are are suspended cards with the legends "A. Simis & Son," "All the correct styles," "Headquarters of A. Simis & Son," "One price strictly;" that there is also frequently suspended from the roof of the awning, about half way across the sidewalk, a collection of hats. No permit has been produced, nor would one for such an awning be of any avail.

It is plain that the structure in controversy is unlike the one held to be legal in *Hoey* v. *Gilroy, supra;* and this court cannot by injunction authorize its continuance. Indeed, the municipality may incur liabilty if the obstruction is not removed.

In *Hume* v. *Mayor*, 74 N. Y. 264, it was held that a permanent wooden awning or roofing covering the sidewalk of a street, and resting for support upon posts bedded in the street, if insecurely supported so as to be dangerous to persons using the street, is a defect in the street which the city is bound to repair; and if the city has notice of the danger, or if it has existed so long and is so easy to be observed that notice may be inferred, the city is liable for damages resulting therefrom; and this, although the structure was not made by authority of the city, or under the supervision of any of its officers. Such a contingent liability is sufficent to put the corporate authorities on the alert to avoid possible litigation.

In *Cohen* v. *Mayor*, 113 N. Y. 532, the court said: "The storing of the wagon in the highway was a nuisance. The primary use of a highway is for the purpose of permitting the passing and repassing of the public, and it is entitled to the unobstructed and uninterrupted use of the entire width of the highway for that purpose, under temporary exceptions as to deposits for building purposes, and to load and unload wagons and receive and take away property for or in the interest of the owner of the adjoining premises, which it is not now necessary to more specifically enumerate. The extent of the

right of such exceptional user was before us in the late case of *Callanan* v. *Gilman*, 107 N. Y. 360, and nothing more need be said regarding it here.   *   *   *   The legislature has expressly enacted that the city shall have no power to authorize the placing or continuing of any encroachments or obstructions upon any street or sidewalk, except the temporary occupation thereof during the construction or repair of a building on a lot opposite the highway."

The fact that the awning has been there for more than twenty years does not give the plaintiff a prescriptive right to its continuance.    Dillon Mun. Corp. (4th ed.) §§ 563, note, 669, 675.    The liability of the city remains, on the theory of continuing nuisance, and no statute runs against the right of the municipality to protect itself therefrom.    The corporation does not own and cannot alien public streets or places, and no mere *laches* on its part or that of its officers can defeat the right of the public thereto.    Id.

The obstructions on the walk caused by the show cases are clearly illegal.    The commissioner of public works has frequently been compelled by mandamus to remove such obstructions.    The cases of *People* v. *Mayor*, 59 How. Pr. 277, and *Ely* v. *Campbell*, Id. 333, show how the courts have enforced the performance of duties akin to those the plaintiff seeks to enjoin.

In *People* v. *Mayor*, 18 Abb. N. C. 123, Judge BARRETT said : " It may now be deemed the settled rule in this court that obstructions of the streets will not be permitted, and that business men cannot, even with such a permit as that now submitted, encroach upon the highway with their show cases." The show cases ordered to be removed extended from the " house line " six feet outwards.

In *People* v. *Newton*, 20 Abb. N. C. 387, a mandamus was granted compelling the commissioner of public works to remove meat racks erected upon the sidewalks.

In *Callanan* v. *Gilman*, 107 N. Y. 360, the court held that a tradesman may convey goods from a street to his adjoining store, and from the store to the street, and for that purpose

may temporarily obstruct passage on the sidewalk. But such obstruction must not only be necessary with reference to the business of the tradesman, but must be reasonable with reference to the rights of the public.

These adjudications demonstrate that business cannot be conducted upon the public streets, and that the constant placing out of show cases for the exhibition and sale of goods is unauthorized and illegal.

No permit to erect the bay windows has been proved, and their erection seems to have been unauthorized. If a permit had been proven, the powers of the common council in respect thereto would require examination, a course not now necessary. The bay window encroachments, according to the evidence of the city surveyor, are of a substantial nature, two of the windows extending nearly six feet out from the house line. Incidental encroachments by bay windows or ornamental projections not obstructing the passageway of the sidewalk would hardly invoke criticism, much less action.

It clearly appears, therefore, that there is no equity in the plaintiff's bill, and that the commissioner of public works and the superintendent of the bureau of incumbrances cannot be enjoined from performing the duties incumbent upon them by law. To what extent they may go is matter that the court need not regulate; they are sworn public officers, and, inferentially, will perform their duties as the law requires. It is clear that they cannot be restrained from executing the duties the law commands them to perform.

For these reasons the motion to continue the injunction must be denied, and the temporary injunction vacated, with ten dollars costs.

Motion denied and temporary injunction vacated, with ten dollars costs.