(20 Misc. Rep. 189.)

PEOPLE ex rel. SIMON v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. April, 1897.)

1. MANDAMUS—ENFORCING PUBLIC RIGHT.

Mandamus will not lie to compel the removal of an obstruction in a street as an invasion of the rights of the public, where it was created under a license granted by the city, which was duly authorized thereto by statute.

2. SAME—PRIVATE RIGHTS.

A person cannot maintain mandamus to compel the removal of an obstruction in a street, as infringing on the rights of abutting property owners, unless he shows that some right of his own is affected.

Application by Marcus Simon for a peremptory writ of mandamus against the mayor, aldermen, and commonalty of the city of New York, Charles H. T. Collis, as commissioner of public works, and William Henkel, as superintendent of incumbrances, to compel the removal of a newspaper stand in the street. Denied.

Jacob Levy, for relator.

Francis M. Scott (William B. Crowell, of counsel), for respondents.

PRYOR, J. The application is for a peremptory writ of mandamus to the mayor, aldermen, and commonalty of the city of New York, Charles H. T. Collis, as commissioner of public works, and William Henkel, as superintendent of incumbrances, requiring them to remove a newspaper stand erected in a street, under the stairway of the elevated railroad.

Apparently an essential allegation of fact in the petition is put in issue by the answering affidavit, and hence, probably, without reference to the merits of the application, a peremptory writ may not issue in the first instance. Haebler v. Produce Exchange, 149 N. Y. 414, 44 N. E. 87; People v. City of Brooklyn, 149 N. Y. 216, 43 N. E. 554; People v. Brush, 146 N. Y. 60, 40 N. E. 502. But this technical difficulty should not be made the ground of decision, since a more fundamental and insuperable obstacle confronts the relator in his claim to the relief. "When the remedy by mandamus is resorted to for the purpose of enforcing a private right, the person interested in having the right enforced must be the relator. The relator is considered the real party, and his right to the relief must clearly appear. But, where the object is the enforcement of a public right, the people are regarded as the real party, and the relator need not show that he has any legal interest in the result." 14 Am. & Eng. Enc. Law, 218, and citations in note 3.

The petition purports to exhibit an invasion of a public right, namely, an obstruction in a highway; and the only interest in the proceeding alleged by the relator is as a citizen and resident of the city. But the obstruction was created by virtue of a license from the municipality, granted in pursuance and in the exercise of a power conferred by the legislature. Subdivision 3, § 86, Consolidation Act, as amended by chapter 718, Laws 1896. That it was within the scope of the legislative authority to sanction the structure of which the petition complains is settled by repeated adjudications of the highest tribunal in the state. Hoey v. Gilroy, 129 N. Y. 132, 29 N. E.

85; People v. Railroad Co., 117 N. Y. 150, 155, 22 N. E. 1026; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373; Wormser v. Brown, 149 N. Y. 163, 171, 43 N. E. 524.

Apprehensive, on reflection, that the structure, so far as affects the public interest, is justified by the statutory allowance, the relator, in his argument, asserts for abutting owners a property in the street which the legislature is not competent to take or injure without just compensation or due process of law. Assuming, what is contrary to notorious fact, that in New York the fee of a street is in such owners, the relator fails to show that this structure impinges upon his right or his interest. A suitor may not invoke the law to redress another's wrong, or to protect another's property; and in instituting this proceeding for the benefit of others, the relator proffers a petition which the court must reject. "In a case of private right, the title to relief at the suit of the relator must appear, or the application will not be heard." People v. Collins, 19 Wend. 56. "Mandamus will not lie to compel action upon the part of public officers, where it is apparent that the relator has no direct interest in the action sought to be coerced, and no benefit can accrue to him from its performance." High, Extr. Rem. § 33.

Motion denied, with costs.