(Surrogate's Court, Westchester County. March, 1905.)

1. WILLS—CONSTRUCTION—TRUST FUND—ANNUITY.

Where a clause in a will discloses a general intent as to the residue to be held in trust for two lives for certain purposes, and also a particular intent as to a sum to be invested to produce an income of $12,000 for testator's widow, the annuity fund to be held in trust, and the income to be paid to the widow during her life, and on her death to be disposed of as directed by the clause of the will as to the residuary estate, the annuity fund will be regarded as an exception to the general intention as to the general residuary estate, and the trust as to the annuity fund measured by the widow's life alone.

2. SAME—DEATH OF ANNUITANT.

Where a will provided for an annuity fund to produce $12,000 a year for testator's widow during life, and a sum had not been set aside and invested by the executors, prior to the death of the widow, three months after the testator, the $300,000 determined as the proper sum to be set aside to produce the annuity, together with the income thereof from the date of the widow's death, should be disposed of as directed by the will in respect to the principal of the residuary estate under a clause providing that the annuity fund was to be disposed of in that manner.

In the matter of settlement of account of the Title Guarantee & Trust Company and others, executors of the will of James Jennings McComb. Decree of settlement rendered.

Duer, Strong & Whitehead, for executors.

Harrison & Byrd, for Fanny McC. Herzog and Lillie McC. Garth, contestants.

J. Rider Cady, special guardian.

Kelly & Hoeninghaus, for Anna M. Chidester.

SILKMAN, S. Practically all the questions raised by the objections herein were disposed of upon the trial, with the exception of the disposition of the fund out of which the annuity bequeathed to testator's widow, Mary Esther McComb, was to be paid. On July 2, 1901, three months after the testator, Mrs. McComb died. A part of the provision, and the most important one, made for her in her husband's will, is contained in the second paragraph of the fifteenth clause therein, which clause relates to the disposition to be made of the residue of testator's property. This paragraph reads:

"Second. To set aside and separately invest a sum sufficient to insure an annual income of $12,000 and to pay said income in monthly, semi-annual or quarterly installments as she may request, to my wife, Mary Esther McComb, during her life, and upon her death, to dispose of said sum as is hereinafter directed in respect to the principal of my residuary estate."

The sum required to produce this annuity of $12,000 had not been set aside and invested by the executors prior to the death of the annuitant. Nevertheless, it has been determined upon this accounting that $300,000 would have been a proper sum to have been set aside for the purpose of producing such annuity. We are to assume that done which should have been done, and consequently

we must determine upon this accounting what becomes of such fund upon the death of the annuitant. Is it to be still further held in trust, or is it presently distributable? The fourth paragraph of the fifteenth clause provides that upon the termination of the trust, and after satisfying any liens or mortgages upon specified real property, thereupon the trustees were "to pay, transfer and convey said residuary estate in equal parts, share and share alike, to my said children above named, or their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns." The testator has expressed in the fifteenth clause a general intent as to the principal of the residuary estate when he provides that the trust as to the residue is to continue "during the lives of those two of my children who, surviving me, shall be the youngest of my children at the time of my death, and for such term thereafter, if any, as may be permissible by and under the laws of the state of New York upon the trusts and for the purposes stated below." The trusts and purposes stated are: First. To meet certain payments directed to be made in preceding clauses of the will. Second. To provide for an annuity of $12,000 for his widow. Third. To distribute the income of the trust estate among his children, or their representatives, during the lives of his two youngest children. Fourth. To distribute the residue of the estate when the term of the trust is ended.

In the opinion of the Court of Appeals in Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146, construing this will, we find the following (page 95 of 177 N. Y., page 286 of 69 N. E., 67 L. R. A. 146):

"It is likewise to be observed that the testator's entire estate, except the residuum, has been disposed of, and by the residuary clause the title to the residue of his property, after paying other independent legacies, was absolutely vested in the trustees for the purposes stated in the third and fourth paragraphs of the fifteenth clause of the will."

The language used by the learned judge who wrote the opinion is significant. The clause under consideration is the most important one in the entire testamentary document, and we cannot attribute to the Court of Appeals any inadvertence in the use of language in discussing it. When they say, "after paying other independent legacies was absolutely vested in the trustees for the purposes stated in the third and fourth paragraphs of the fifteenth clause of the will," they must have intended to regard and treat the fund to produce the widow's annuity as separate and distinct from the general residuary estate, and not a part thereof. The fifteenth clause, taken as a whole, discloses two intents—one general, as to the residue to be held in trust for two lives for the purposes set forth in the third and fourth paragraphs thereof; and the other a special and particular intent as to the sum to be set aside and separately invested to produce the $12,000 annuity for the widow. The annuity fund was to be held in trust, and the income thereof paid periodically to the widow, "during her life, and upon her death" was to be disposed of "as is hereinafter directed in respect to the principal of my residuary estate." The trust of this

annuity fund for the life of the widow is incompatible with a trust thereof for the "lives of those two of my children who, surviving me, shall be the youngest of my children at the time of my death." When a general intention is expressed in a will, and also a particular intention incompatible with it, the particular intention may be considered in the nature of an exception. Hoey v. Gilroy, 129 N. Y. 132–138, 29 N. E. 85; Spofford v. Pearsall, 138 N. Y. 57–66, 33 N. E. 834. It was testator's expressed and undoubted intent to make ample provision for his wife, and the major part of this provision was a gift of an annual income of $12,000 for the full term of her life. This trust provision was not intended to be, and was not in any way, dependent upon or at the hazard of the two lives which measure the trust of the residue for the benefit of the four children. We must regard the testator's intention as to the annuity fund as an exception to his general intention in reference to the general residuary estate, and consequently hold that in respect of the annuity fund the trust was measured by the widow's life alone. Furthermore, testator did not intend to die intestate as to any part of his estate. He has directed that the annuity fund upon the death of his wife be disposed of as directed by the will in respect to the principal of the residuary estate. The direction is without ambiguity, and the decree must therefore provide that the annuity fund of $300,000, together with the income thereof from the date of the widow's death, shall be distributed to the testator's four children in equal shares.

With regard to the objections filed by Anna M. Chidester, it may be said that under this will the transfer taxes imposed by the state law and the federal war revenue law are payable by the executors out of the provisions made for the persons against whom the taxes are assessed.

The commissions of the executors are payable out of the residuary estate. The commissions of the trustees are payable out of the funds upon which the commissions are computed, each fund bearing its share thereof.

Let findings and decree be submitted in accordance with the views expressed upon the trial and in this memorandum.

Decreed accordingly.