George P. Decker, Plaintiff, *v.* J. Eugene Goddard, Defendant.

Supreme Court, Monroe County, April 13, 1931.

*Herbert J. Menzie,* for the plaintiff.

*Winchell & Cameron,* for the defendant.

CUNNINGHAM, J. The plaintiff is the owner of premises which front on Plymouth avenue and also abut on Atkinson street in the city of Rochester. The defendant has parked his car a number of times in the public street in front of the plaintiff's premises and claims the right to do so.

An ordinance of the city of Rochester permits vehicles to be parked on Plymouth avenue and Atkinson street for not more than six hours. This ordinance was adopted pursuant to authority granted by the Legislature. (Vehicle & Traffic Law, § 87, subd. 1, as amd. by Laws of 1930, chap. 756.) The defendant's car was not on any occasion parked in front of plaintiff's premises for a greater length of time than that permitted by the ordinance.

The question now arises as to whether this ordinance is valid.

The Legislature has absolute authority over streets and highways, except as limited by the Constitution and the rule that the public purposes for which they were created must not be unreasonably restricted. (*Bradley* v. *Degnon Cont. Co.,* 224 N. Y. 60; *Matter of McCoy* v. *Apgar,* 241 id. 71.)

This power of the Legislature may be delegated to municipalities. (*Matter of McCoy* v. *Apgar, supra.*)

A municipality, under legislative authority, may permit streets to be used for purposes " which are reasonably incident to the ordinary use of a street." (*Matter of McCoy* v. *Apgar, supra.*)

Some of the earlier decisions seem to hold that a street may only be used for the passage and repassage of the public. (*Cohen* v. *Mayor,* 113 N. Y. 532; *McCaffrey* v. *Smith,* 41 Hun, 117.)

Those cases, however, dealt with rights granted to private individuals to use the streets for their own purposes. Recently it was held proper for a municipality, under legislative authority, to permit an individual to maintain a gasoline pump in a public street, such use being for the convenience of the public. (*Matter of McCoy* v. *Apgar, supra.*)

This rule is but a recognition of that prevailing at common law.

In Dillon on Municipal Corporations ([5th ed.] § 1154) it is said: " The power of the public * * * over streets is not confined to their use for the sole purpose of travel, but they may be used for many other purposes required by public convenience. * * * the municipal authorities may * * * do all acts appropriate or

incidental to the beneficial use of the streets by the public, for which, when not done in an improper or negligent manner, an adjoining freeholder cannot complain."

A municipality " has the right to devote the sides of the streets to other useful public purposes, provided it leaves an unobstructed driveway of ample width for the passage of teams." (*Dougherty* v. *Village of Horseheads*, 159 N. Y. 154, 157.)

The Legislature has the power to permit obstructions in the streets " for the convenience of business." (*Hoey* v. *Gilroy*, 129 N. Y. 132, 136.)

" The use of the streets of the city must be extended to meet new means of locomotion." (Dillon Mun. Corp. [5th ed.] § 1155.)

The driver of a vehicle has, even without legislative permission, the right to stop on the side of a highway for his own convenience, provided there is sufficient room left for the passage of other vehicles. (Thompson Highways, chap. 12; Elliott Roads & Streets, § 1100.)

The right given to automobiles to park for not more than six hours is a right common to the public and is a use incidental to public travel.

The plaintiff has a right of access from the street to his property, which right may not be invaded even by act of the Legislature. (*Donovan* v. *Penna. Co.*, 199 U. S. 279; *Waldorf-Astoria Hotel Co.* v. *City of New York*, 212 N. Y. 97.)

The statute preserves this right as to theatres and other buildings where large numbers of people assemble. (Vehicle & Traffic Law, § 87, subd. 7.)

The ordinance of the city of Rochester recognizes this right to some extent by prohibiting vehicles parking in front of a driveway. However, the right in cases of property owners not having driveways is not protected by the ordinance.

It does appear in this case that the defendant did not park in such manner as to prevent the plaintiff from having convenient access to his premises; consequently the plaintiff is not aggrieved by the lack of such provision in the ordinance.

The ordinance having been expressly authorized by legislative enactment has the force of a statute and the same rules which apply to the construction of statutes will be applied to the construction of the ordinance. (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459.)

" The Legislature is justified in guarding against evils both real and fairly to be anticipated by any legislation which reasonably tends to prevent them, and it has a wide discretion in formulating the means which shall be adopted to this end.  *  *  *  We are bound to assume that the Legislature has investigated the subject

concerning which it is legislating and has acted with reason and not from caprice." (*Matter of Stubbe v. Adamson, supra*, p. 469.)

The power to determine the proper method of regulating the use of the public streets so as to serve the convenience and comfort of the public has been delegated to the legislative body of the city. In *Commissioners of Palisades Interstate Park v. Lent* (240 N. Y. 1) it is said: " We can see how the plaintiff in the exercise of its judgment might conclude that this was the best way in which to accomplish the ends which were confided to its management. What is reasonable is in large part tested by what is ordinary usage and common experience."

The great number of people who go to and from work in automobiles, persons coming by automobile to trade in the business centers, the tourists who visit the city and those who furnish them board and lodging and articles of merchandise and the merchants who sell to customers reaching their stores in automobiles are all interested in the proper use of public streets and their wants and desires must be considered in framing regulations for parking.

The ordinance permitting vehicles to park in the streets and the statute pursuant to which it was adopted regulate the manner of parking so as to prevent obstruction of public travel. The ordinance is designed to permit the streets to be used for the convenience of the public, to promote the orderly transaction of business and to meet public wants and necessities occasioned by the modern mode of transportation.

Earlier decisions of the court reveal that even in the days of horses there were hitching posts and hitching racks in the streets and municipal regulations for the times and places horses might stand in the public highways. Disputes arising therefrom often resulted in litigation.

The right of a driver of a vehicle to stop for his own convenience for a reasonable length of time has by the ordinance been recognized and extended so as to make the streets convenient for public use. The legislative body of the city has determined the length of time it is reasonable for a vehicle to stand in the various streets. This tends to prevent the confusion and disorder that might result if each driver decided for himself how long he could leave his vehicle standing in the highway.

The automobile has crowded the streets with vehicles to an extent not contemplated when streets were laid out. This has caused problems in regulating them so that traffic may move and business be conducted in a suitable and advantageous manner. The Legislature has wisely committed the power of appropriate regulation to the municipal authorities. They can alter or modify

the regulations so as to prevent the obstruction of the streets and infringement upon the rights or comfort of property owners.

If the plaintiff be annoyed by the parking of automobiles in front of his home he should seek relief through the public officials and not through the courts.

The complaint is dismissed, with costs.